**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTA BRYCELAND

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

THE CITY OF NEW YORK, COUNTY OF RICHMOND

OFFICER MASULO, OFFICER JAMES BURNS\

JOHN DOE NOS. 1-3, whose identies are unknown,

except to the extent that they are employees of

the CITY OF NEW YORK, and/or members

or personnel of the Police Department of the

 CITY OF NEW YORK

THOMAS GUT

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial: [✔] Yes [ ] No

(check one)

**I.    Parties in this complaint:**

A.    List your name, address and telephone number.  Do the same for any additional  plaintiffs named.  Attach additional sheets of paper as necessary.

| Plaintiff | Name | MARTA BRYCELAND |
|---|---|---|
| | Street Address | 502 Livingston Ct |
| | County, City | Bergen, Edgewater |
| | State & Zip Code | NJ, 07020 |
| | Telephone Number | 201-397-8058 |

B.    List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name    THE CITY OF NEW YORK, JANE DOE

Street Address    Office of the New York City Comptroller

County, City    1 Centre Street, Room 1225

State & Zip Code    New York, NY 10007


Defendant No. 2

Name    THOMAS GUT

Street Address    28 Beach Ave,

County, City    Staten Island

State & Zip Code    NY, 10306


Defendant No. 3

Name    PO MICHAEL MASULO

Street Address    2320 Hylan Blvd

County, City    Richmond, Staten Island

State & Zip Code    New York, NY 10306


Defendant No. 4

Name    OFFICER JAMES BURNS

Street Address    2320 Hylan Blvd

County, City    Richmond, Staten Island

State & Zip Code    New York, NY 10306


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal Questions    [■] Diversity of Citizenship

[ ] U.S. Government Plaintiff    [ ] U.S. Government Defendant

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?    42 U.S.C. 1983, RICO

- 2 -

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship     NEW JERSEY

Defendant(s) state(s) of citizenship     NEW YORK

**III.    Statement of Claim:**

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur?     BERGEN COUNTY NEW JERSEY, RICHMOND COUNTY NEW YORK

B.    What date and approximate time did the events giving rise to your claim(s) occur?
In 2020, the threats if false incarceration by Defendant GUT and on Aug 24th, 10 am am arrest occured.

C.    Facts:    Officer BURNS and Officer MAURICIO with NYPD engaged in a series of serious actions against me. They drew their weapons without justification or cause infront of my six (6) year old and at my head. I was unarme and was not in the commision of a crime. They than produced false statements to their superior in an attempt to justfy their behavior. I was forcefully removed from my vehicle that caused physical injuries to my body.

> What happened to you?

and Officer Burns was found by the Civilian Complaint Review Board to have used excessive force, officer

> Who did what?

My child who witnesses me being held and gun point and pulled out of driving vehiblce and brutaly arrested.

> Was anyone else involved?

Likely neighboors, NYPD officers who are in the profession for legitimate reasons to protect and serve. Hospital Employees.

> Who else saw what happened?

- 3 -

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I went to the emergency room for two (2) consecutive days.

I received treatment for pain concussion and orhopedic injuries and treat it to this day.

PTSD I treat with intetese Program by GEN Psych and continnued theraphy withi PhD t

trauma Therapist and Psychiatric NP.

V.    **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

The relief I am desperately seeking is to be made whole. In addition, such other relief

would entail financial compensation for each and every claim, as well as

holding the defendant(s) responsible, accountable, negligent for the crimes and actions

that they are all responsible for. Training for other officers on descleation tatics,

having a clear understanding of how and what judicial orders can be enforced or not.

Such other relief as this honorable Court deems just and proper. 100 million

in medical, loss of eartings, time with the child , defamation, descrution of career

as a Registered Nurse, loss of earning potential after 20 years of education

and 2 masters degrees in Nursing.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 23 day of August _____, 20 24 .

Signature of Plaintiff

Mailing Address 502 Livingston Ct

Edgewater, NJ, 07020

Telephone Number 201-397-8058

Fax Number *(if you have one)* _____

E-mail Address martamsankowska@gmail.com

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X

MARTA BRYCELAND,

                          Plaintiff,

              -against-

THE CITY OF NEW YORK,
COUNTY OF RICHMOND,
OFFICER JAMES BURNS,
OFFICER MICHAEL MASSULO,
JANE DOE 911 OPERATOR,
whose identities are unknown,
except to the extent that they are employees
of the CITY OF NEW YORK,
and /or members or personnel of the Police
Department of the CITY OF NEW YORK,
THOMAS GUT,

                          Defendants.
-------------------------------------------------------------------X

**JURY TRIAL
DEMANDED**


Case No.:


**<u>COMPLAINT</u>**

     **MARTA BRYCELAND** ("Plaintiff"), under the penalty of perjury,

complaining, swears and affirms that the following statements are true

to the best ability and knowledge, regarding defendants herein,

depriving my Constitutional Rights and liberties respectfully shows to

the Court, and alleges as follows:

1

## THE PARTIES

At all times hereinafter mentioned, Plaintiff was and still is a resident of the County of Bergen, in the City and State of New Jersey as is asking this court to keep the address confidential in fear of retaliation and loss of life.

1)    At all times relevant and material herein, the defendant CITY OF NEW YORK, COUNTY OF RICHMOND, was and still is a domestic municipal corporation, duly organized and existing and ought to be governed under and by the Laws of the State of New York.

2)    At all times relevant and material herein, the defendant OFFICER BURNS was an employee of the Police Department of the City of New York and has duties to protect citizens and follow as well as enforce the law.

3)    At all times relevant and material herein, the defendant OFFICER MICHAEL MASSULO was an employee of the Police Department of the City of New York.

4)    At all times relevant and material herein, the defendant JANE DOE 911 OPERATOR  was an employee of the Police Department of the City of New York.

5)    At all times relevant and material herein, the defendant, THOMAS GUT is an interested party in multiple criminal and civil cases as he is the father to our child in common.

### JURY TRIAL DEMAND

6)    Plaintiff, Marta Bryceland, hereby demands a trial by jury on all triable issues of fact presented in this Complaint.

### PRO SE PLAINTIFF

7)    Federal courts must construe pro se complaints liberally. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A pro se complaint therefore should not be dismissed if it states a claim under any legal theory, even if a plaintiff erroneously relies on a different legal theory. See, e.g., Haddock v. Board of Dental Examiners of California, 777 F.2d 462, 464-65 (9th Cir. 1985). Courts should not undertake to

infer another cause of action when a pro se complaint clearly states a

claim under a specified cause of action. See Bogovich v. Sandoval, No.

96-16528, slip op. 10093, 10097 (9th Cir. Aug. 30, 1999). The party who

brings a suit is the master to decide upon what law he will rely.

## JURISDICTION AND VENUE

8)  This Court has subject matter jurisdiction over this action pursuant

to 28 U.S.C. §§ 1331 and 1343, as this case involves questions of federal

law, including but not limited to, violations of the Fourth and

Fourteenth Amendments to the United States Constitution under 42

U.S.C. § 1983, and other federal statutes including 18 U.S.C. §§ 241,

242, and 1509. Additionally, this Court has jurisdiction under 28 U.S.C.

§ 1332, as the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between citizens of

different states, thereby establishing diversity of citizenship. The

Plaintiff, Marta Bryceland, is a citizen of the State of New Jersey, and

the Defendants are citizens of the State of New York.

10) Venue is proper in this district under 28 U.S.C. § 1391(b) because a

substantial part of the events or omissions giving rise to the claim

4

occurred in this jurisdiction. Moreover, Defendants reside in this district and are deemed to be residents for venue purposes. Therefore, this Court is the appropriate venue for the trial of this action as it has personal jurisdiction over the parties and is geographically and logistically convenient for the witnesses and evidence expected to be involved in this case.

9) Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein under 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the Court has original subject matter jurisdiction.

10) The Venue is proper under, ArtIII.S2.C1.11.6 Supplemental Jurisdiction *The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; — to Controversies between two or more States; between a State and Citizens of another State,* **between Citizens of different State.**

**8)    APPLICATION UNDER 18 US. CODE §2261- Interstate Domestic Violence to protect the Plaintiff from entering the**

**state of New York Where Defendants have committed conspiracy and Domestic Violence against the Plaintiff.**

**9)**    "Since federal jurisdiction here depends on diversity of citizenship, the applicable law must be determined by the choice of law rules of the forum state, North Carolina." Brendle v. General Tire & Rubber Co., 408 F.2d 116, 116 (4th Cir. 1969); accord Burris Chem., Inc. v. USX Corp., 10 F.3d 243, 245 n.7 (4th Cir. 1993) ("In a diversity suit federal courts must apply the rules of the forum state when addressing choice of law questions.")

PRESERVATION OF EVIDENCE

10 ) The parties herein agree to the preservation of all forms of evidence that are relevant to the claims and defenses of this action. This includes, but is not limited to, electronic communications, documents, records, notes, memoranda, voicemails, emails, text messages, social media communications, video footage, and audio recordings. Both parties shall take all necessary steps to preserve such evidence in their

possession, custody, or control and shall not alter, destroy, conceal, or otherwise interfere with the integrity or availability of such evidence. This obligation to preserve evidence shall commence immediately upon the signing of this agreement and shall continue until the conclusion of this litigation, including any appeals.

11) The parties further agree to notify all employees, agents, or third parties under their direction or control of the requirement to preserve relevant evidence. Failure to comply with these provisions may result in sanctions, including but not limited to adverse inference instructions, monetary penalties, and/or dismissal of claims or defenses.

12) This agreement to preserve evidence is undertaken without prejudice to the rights of either party to object to the production of certain evidence on the basis of privilege, undue burden, relevance, or any other ground recognized by the court. Any disputes regarding the scope of this preservation obligation or the production of evidence shall be promptly brought before the court for resolution.

## ALLEGATIONS PERTAINING
## TO ALL OF THE PLAINTIFF'S CLAIMS

13 )    At all times relevant and material herein, the defendant CITY OF NEW YORK operated, maintained, managed, supervised, and controlled a police department as part of and in conjunction with its municipal functions.

15)  At all times relevant and material herein, the defendants OFFICER JAMES BURNS, OFFICER MICHAEL MASSULO, and JANE DOE 911 OPERATOR, were each employees of the Police Department of the City of New York.

16) At all times relevant and material herein, the defendants JAMES BURNS, MICHAEL MASSULO, and JANE DOE 911 OPERATOR, were personnel of the Police Department of the City of New York, as part of and in conjunction with its municipal functions.

17)  That at all times hereinafter mentioned and upon information and belief, the defendant CITY OF NEW YORK, employed and supervised

the defendants JAMES BURNS, MICHAEL MASSULO, JANE DOE 911 OPERATOR.

10)    Upon information and belief, the Defendants JAMES BURNS, MICHAEL MASSULO, and JANE DOE 911 OPERATOR were graduates of the Police Academy of the City of New York.

11)    At all times relevant hereto, the defendant the CITY OF NEW YORK had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct, and Patrol levels, the defendant officers, JAMES BURNS, MICHAEL MASSULO, JANE DOE 911 OPERATOR, to conform their conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflicted injuries to citizens such as Plaintiff herein.

12)    In addition, at all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct, and Patrol levels the defendant officers, JAMES BURNS, MICHAEL MASSULO, JANE DOE

911 OPERATOR and in the protections of the rights of Plaintiff under the Constitution and the Bill of Rights.

13)   At all times hereinafter mentioned, upon information and belief, the defendants JAMES BURNS, MICHAEL MASSULO, and JANE DOE 911 OPERATOR, were acting in their capacities as employees, agents or servants of the defendant the CITY OF NEW YORK.

14)   At all times hereinafter mentioned, the Defendants JAMES BURNS, MICHAEL MASSULO, and JANE DOE 911 OPERATOR were acting under the color of law.

15)   At all times hereinafter mentioned, the Defendants' acts constituted actions under the duty of the City of New York to serve and protect citizens within their territory.

16)   At all times hereinafter mentioned, Defendant Thomas Gut led the conspiracy to deprive me of my rights and has been a resident of the City of New York as well as director of a major Northwell Health Staten Island Hospital Clinic serving Defendants and their families with medical services.

17)   On August 24th, 2021, OFFICER BURNS engaged in serious misconduct by intimidating, harassing, and threatening me and pointing two (2) guns at my head without any legitimate cause. They proceeded to engage in a brutal unlawful arrest, physically and emotionally injuring me in front of my daughter on her 6th birthday. The traumatic event has had a lasting impact on both me and my daughter, leaving us with ongoing flashbacks and emotional distress.

18)   Furthermore, it is evident that the defendant(s) knowingly succeeded in an unlawful arrest, engaging in a pattern and practice of harassment and attempted murder. After the incident, OFFICER BURNS produced false statements to his supervisor in an attempt to fabricate valid reasons for his brutal unlawful arrest, showcasing a complete disregard for his duty and moral obligations.

19)   All times before and after Defendants communicated and conspired to deprive Plaintiff of her constitutional and civil rights.

## FACTS

29.   Defendant, THOMAS GUT has made multiple threats of causing incarceration in 2019, 2020, 2021 if Plaintiff if Plaintiff continues to

11

assert rights to her only child, born on Aug 24th, 2015 in New Jersey. Such threats are voice-recorded.

30.    Defendant, THOMAS GUT began filing false reports against Plaintiff and providing tampered with false evidence to NYPD in the beginning of 2021 in retaliation for Plaintiff's complaint for driving under the influence with minor child N.B. Initial complaints have been dismissed with Motion 30.30.

31.    August 24th, 2021, I arrived at the 122nd Precinct, around 9 am, in response to an invitation from the NYPD regarding an alleged violation of a temporary order of protection. Despite promises of a timely release to see my daughter for her birthday celebration, the police intentionally delayed the process, resulting in an excessively late release.

32)    Later that evening, around 7 pm,  while in the abundance of caution maintaining a distance of at least 100 yards, I contacted Justina Torres, the fiancée of my child's father, Defendant THOMAS GUT to request a meeting at the park, and playground to wish my daughter a happy birthday. However, my request was denied.

33)   On Aug 24th, 2021 father, Thomas Gut did not have exclusive custody and/or visitation rights to harbor my child and was in the act of committing custodial interference.  As per the agreement in July 2018, the Plaintiff was trusted with custody and full-time care, as well as $1800 per month in child support,  by the father and he violated that agreement. **(Exhibit A )**.

34)   The plaintiff attempted to reach my daughter via Face Time and there was no answer, this caused concern about my daughter's well-being and distress due to what appeared to be a canceled visitation on her birthday without any explanation on the plaintiff's part. Historically, the father had been punishing N.B. if she became emotional about missing her mother, which is documented in SMS and voice recordings. The plaintiffs, worried about the wellness of the N.B. decided to call 911 for a wellness check and to report a violation of the visitation court order.

35)   The court for daily FaceTime contact from Sept 4 th, 2020 **(Exhibit B)** permitted 7 pm daily contact with our child.

13

36)    No valid Order of Protection existed at this time of August 24, 2021, prohibiting contact with our daughter or her father, THOMAS GUT as well as JUSTINA TORRES.

37)    The plaintiff placed a call to JANE DOE 911 OPERATOR. I provided the address where I was parked as well as the address of the father's residence and requested the 911 operator to meet me at the location away from the father's residence. However, the arrival of the police was significantly delayed, causing increasing anguish as the Plaintiff and minor child N.B. were denied the opportunity to celebrate my daughter's birthday with her.

38)    During follow-up calls to JANE DOE 911 OPERATOR, Plaintiff was instructed to follow the police car arriving at 28 Beach Ave, Staten Island, NY, 10306, and to request the officers to drive away from the father's residence and up to the street corner so I could file an incident report for custodial interference and child abuse and violation of Sept 4th, 2020 Face Time order.

39)    Complying with the operator's instructions, Plaintiff followed the police vehicle and parked behind it. During the hearing in criminal

court on Aug 25th, 2021 Plaintiff's attorney, as well as the District Attorney, explained to the judge that Plaintiff followed the instructions and did not commit a crime by doing so. **Exhibit C.** Transcript from the criminal hearing.

40)   Officer Burns and Officer Massulo approached Plaintiff's car on the passenger side and demanded Plaintiff's car keys immediately without stating the cause of this demand.

41)   Plaintiff, peacefully requested that they drive to the corner so that Plaintiff could file a police report. Officers ignored my request, and they demanded my car keys. When Plaintiff asked if I was committing any crime, I did not get an Affirmative Answer, nor that I was under arrest.

42)   When Plaintiff asked Defendant, BURNS why was he demanding that Plaintiff give him the car keys, his response was: "Because I said so." At that point, Plaintiff realized that I was being intimidated, threatened, and harassed as the NYPD Patrol Book does not permit officers to cease property because they say so.

43)   Patrol book and probable cause rules did not apply here to proceed with arrest. There was no valid OOP in place and Officer Burns

admitted a lack of knowledge of valid OOP on this phone call with this Supervisor. There, was no threat to DEFENDANTS, in any way.

44)   As Plaintiff was not under arrest, nor committed a crime, nor willfully agreed to be arrested, Plaintiff attempted to drive away from the aggressive, and unreasonable Defendants. This resulted in Officer BRUNS jumping in front the vehicle and pointing a gun into Plaintiff's head and MASSULO attempting to pull Plaintiff by her left arm from a driving vehicle. The plaintiff was brutalized and nearly murdered at gunpoint, which brutality has been confirmed by CCRB and Medical Records with significant injuries.

45)   "Plaintiff was then arrested, without her consent, at gunpoint by NYPD officers and charged with various crimes". Defendant Burns conspired while talking on what appeared to be a personal cell phone speaking to who appeared to be his supervisor and providing false statements.

46)   Defendant, BURNS' body cam recorded the conversation with defendant GUT where they admitted to conspiring a few days prior

47)    In addition, the Defendants' willful and intentional attack upon Plaintiff truly shocks the consciousness. Then, Defendant Massulo willfully and intentionally shackled Plaintiff to a hospital bed without her consent, and took her medical records without her consent. Defendant, MASSULO in retaliation for the complaint to the capital for brutality and assault pushed Plaintiff back on the bed when Plaintiff attempted to stand up to use the bathroom. Defendant, MASSULO ordered that Plaintiff must use the bedpan and urinate in front of MASSULO.  A good samaritan working in the hospital prevented from this happening and Demanded Humane treatment for the Plaintiff and offered to be a witness in a subsequent action against NYPD.  Later Defendant, MASSULO stole the medical records of Plaintiff,  The records had a written note from the Capitan who gave Plaintiff a complaint number for substantiated complaint for abuse of force. Captain offered to be a witness in subsequent action against NYPD.

48)    Defendants, NYPD  refused to provide any case numbers upon the plaintiff's request so that the plaintiff could track them, which refusal is voice recorded.

49)    All the charges related to this action were subsequently dismissed or otherwise disposed of on Aug 14, 2023, due to an uncooperative witness and none of the officers appearing on the trial date, but injuries resulting from it left Plaintiff who has been a registered nurse for 20 years, saving lives, working 100 hours per week during Covid in intensive care unit.  Defendants deprived society of life-saving services Plaintiff has provided to those in need for 20 years.

50)    Defendants have a history of complaints filed against them for similar misconduct by multiple citizens for instances of excessive force against females my age and unlful arrests.  **EXHIBIT D.**

51)    Furthermore, the Civilian Complaint Review Board found excessive use of force against PO BURNS,  and PO MASSULO resigned to avoid the investigation. **(EXHIBIT E).**Substantiated complaint against Officer Burns and record of Officer Massulo resigning to avoid the investigation.

52)    PO BURNS showed no remorse when CCRB informed him of their findings and subsequently was prosecuted by CCRB in the Administrative Trial, that took place on March 26th, 2024 at 1 Police

18

Plaza. **Exhibit F.** The email from the CCRB attorney notifying me of the date to testify.

53)   I was informed that the penalty for nearly murdering me and assaulting me might be the loss of one week of vacation thus I decided to bring the action in this court in the hope of getting justice and keeping other citizens safe from police brutality and false arrests.

54)    I have been through hell, and clearly, none of the officers was concerned enough with testifying during the trial about alleged crimes committed by me that led to my loss of liberty, health, and my good name.

55)   All of the defendants' acts described in the preceding paragraphs were without probable or just cause, grounds, or provocation, and were excessive, unreasonable, unnecessary, and without any privilege or justification.

56)   There are zero documents filed and signed by the District attorney prosecuting the Plaintiff and NYPD took it upon themselves without legal authority in violation of Due Process to harass and injure the Plaintiff.

57) There are limited documents with false statements filed and signed by Defendant GUT, who avoided the responsibility of being prosecuted for perjury and fraud by not signing the District Attorney's accusatory instruments.

58) All of the defendants' acts described in the preceding paragraphs were without lawful custody order interfered with the custodial rights of the Plaintiff and committed obstruction of the court orders and fraud consistent with RICO.

59) Because of the foregoing acts by the defendants, Plaintiff was severely injured and suffered, and upon information and belief, will continue to suffer, continuous pain and anguish.

60) Because of the foregoing acts by the defendants, Plaintiff has caused severe and intense emotional anguish, distress, and embarrassment, and upon information and belief, will continue to suffer the same.

61) Because of the foregoing, Plaintiff was compelled to and did necessarily, require medical attention and did necessarily pay and

become liable therefore, and upon information and belief, Plaintiff will necessarily incur similar expenses.

62)    Because of the foregoing, Plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and upon information and belief, Plaintiff will necessarily incur similar legal fees.

## FIRST CLAIM FOR RELIEF PERTAINS TO ALL CLAIMS PURSUANT 42 U.S.C. §1985 (2)(3) CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

63)    Defendants, (1) conspired, communicated, in person, on the phone (2) to deprive, either directly or indirectly, Plaintiff, under the pretense of Plaintiff, of falsely alleged mental health illness, and deprived Plaintiff, of the equal protection of the laws, or equal privileges and immunities under the laws; Defendants, committed (3) an act in furtherance of the conspiracy by arresting falsely Plaintiff on Aug 24th, 2021 without probable cause (4) Plaintiff and her minor child N.B.  is injured in their person and property or deprived of any right or privilege of a citizen of the United States." Cine SK8, Inc. v. Town of Henrietta,

507 F.3d 778, 791 (2d Cir. 2007); accord Jallow v. Geffner, No. 23 Civ. 3969, 2024 WL 37073, at *7 (S.D.N.Y. Jan. 2, 2024). "A § 1985(3) conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Cine SK8, Inc., 507 F.3d at 791. Here Plaintiff is discriminated against due to disability, foreign-born status,  financial status, being a victim of Domestic Violence, and a female gender.

64)    "To maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants agreed, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003); accord Doe v. Fenchel, 837 F. App'x 67, 68 (2d Cir. 2021) (summary order). On Aug 24th, 2021 body cam footage registered a meeting of minds conspiring to Derpive Plaintiff of liberty and indicated prior meetings in that regard.  Court records and reports indicate voice and video recordings indicate more incidences of conspiracy, as well as Discovery, will provide more.

65)     Voice and video recordings of the conspiracy conversations will be produced, as well as witness testimony during the discovery and deposition phase.

## SECOND CLAIM

### ("RICO") Act, 18 U.S.C. §§ 1961-1968

66)     Said provisions fall within the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, which authorizes both criminal prosecutions and private civil actions in certain circumstances where an individual or entity engages in a pattern of specified criminal conduct, see generally Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 481-83, 499-500 (1985).

67)    It is alleged that the defendants may be involved in actions that could potentially be considered as corruption and organized crime, benefiting financially from the deprivation of liberties of innocent citizens, ly parents.

68)    It is claimed that the efendants receive salary and benefits from the States, and Federal Funds, and may not be fulfilling their professional duties as expected. They .

69)     This is evidenced by the enormous amount of complaints and lawsuits against the NYPD for similar misconduct. This is not normal to have a police force that commits crimes under the color of law. Destroy lives, take lives away, and get paid for doing so. Additionally, other members of the organization such as the court clerk of Richmond County, Mrs. Mobila and Mrs. Richards, are appointed to "Represent" in criminal Defense and collect money to further injure citizens by bullying them into a "deal" with the District attorney who even does not sign the accusatory instrument, nor provide full Discovery to them.

70)     Defendants, are exploiting the love of the parent for the child on a large scale and are criminalizing parenting. Then exploiting government funds to request reimbursement for falsely created services for post-incarceration or incarcerated individuals. It is alleged that this could potentially cost the Federal Government a significant amount of money each year, and additional costs related to the impact on individuals' lives, their ability to work and pay taxes, and the broader effects on families, children, and society.

71)   Defendants, communicate to receive kickbacks from violating private citizens such as myself without legitimate cause in an organized fashion which consists of Racketerinig organization, who retaliates against private citizens for making complaints against such activity by further harassing, battering, defaming, and attempting to associate victims character and take life away.   Plaintiff, will provide 100s of witnesses in similarl situations experiencing precisely the same exploitation and violations by NYPD.

72)   **According to criminaljustice.ny.gov in 2019 there were a total of 15,425,262 adult arrests in NY State and Total convictions: were 108,624 (John Jay report 2019). This consists of  0.7% of citizens such as myself being convicted of a crime. That means 93.3 % of citizens are in a similar situation where there was no conviction yet lifelong destruction of life, good name, injuries, or disability. These statistics are alarming and this court has the power to address it before the RICO organization has full control over hard-working law-abiding**

**citizens by holding them in limbo of prolonged criminal proceedings and coercing them to accept plea deals.**

73)    Defendants, must be held accountable for criminal as well as civil violations listed in this action to prevent destruction of society. My life and my child's life have been destroyed and we have been deprived of the relationship since the child was kidnapped by Defendant GUT and then Defendant GUT has been protected by NYPD for these crimes. There are many more to protect.

### THIRD CLAIM FOR RELIEF

### UNDER US CODE §1018 DEFENDANTS COMMITTED FRAUD

74)    Defendant, BURNS knowingly made false statements in his Domestic Incident Report and checked off that there was a valid order of protection in effect under docket #2021 -001822 expiring 5/18/22, and the Offense was Committed. **EXHIBIT G.**

75)    Defendant, GUT made knowingly false statements in his Domestic Incident Report alleging the existence of valid OOP and stated: *Marta*

*Bryceland came to my house and parked the car on my street in violation of a protective order.*

76)    The truth is there was no valid order of protection in place on Aug 24th, 2021 and I had not come to the house at 28 Beach Ave, Staten Island, NY, 10306 nor that I parked on the street. I was following the police vehicle as instructed by the 911 operator and made a clear request to move away to file the report at which point I was entrapped by Defendants, conspiring to deprive me of my rights. This is clearly shown on multiple body-worn camera footage in my possession.

77)    Defendant, BURNS had a conversation on this private cell phone recorded by his body cam where he stated he was not sure whether a valid order of protection was in place, then he proceeded with falsifying the police report listing a nonexistent order of protection allegedly providing him probable cause for arrest.

78)    "'When a person sustains loss by fraud, the place of the wrong is where the loss is sustained, not where fraudulent representations are made.'" Id. at *3 (quoting Restatement of Conflict of Laws § 377 n.4 (1934)). Moreover, the Jordan Court equated the moment of reliance

upon a false representation with the onset of loss: "The 'last act' necessary for a fraud claim is the reasonable reliance on the false representation which causes the injury."

79)    Here by violations and crimes committed by Defendants, Plaintiff is injured and has been treated for injuries in the State of New Jersey, since the indecent of Aug 24th, 2021 to this day.

80)    Defendant, MICHAEL MASSULO committed fraud by denying theft of my medical records and the complaint.

## FOURTH CLAIM FOR RELIEF

### (PURSUANT 42 U.S.C. §1983 FOR DEFENDANTS' VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS)

81)    Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

82)    The defendants' acts towards Plaintiff as previously set forth herein were without warrant, authority of law, or any reasonable cause or belief that Plaintiff committed any crime.

83)   Such acts constituted a deprivation of Plaintiff's Constitutional rights, liberties, and freedoms under color of State law, under 42 U.S.C. §1983.

84)   Said violation of Plaintiff's Constitutional rights caused her injury and damage, both physical and mental; and severe emotional distress and illness, and effects continue to accrue until today.

85)   Because Defendants violate Plaintiff's Constitutional rights, Plaintiff is entitled to judgment for $2 mln.

## FIFTH CLAIM FOR RELIEF
### (PURSUANT TO 42 U.S.C §1983
### BATTERY

86)   Plaintiff repeats and realleges each allegation in the preceding paragraphs with the same force and effect as if fully set forth.

87)   The defendants' assault and battery of Plaintiff was excessive, unwarranted, unnecessary, and violent and violated Plaintiff's rights under the Constitution.

88)   The defendant's act of setting up Plaintiff, being deprived of access to the child, and luring Plaintiff to 28 Beach Ave, Staten Island with

intent to injury has caused injuries and led to hospitalization on the evening of Aug 24th, 2021 while in police custody and later on Aug 25th, 2021. The Plaintiff received Referrals for orthopedic and concussion specialist.

89)    Defendant, BURNS, and MASSULO nearly murdered Plaintiff with the use of a lethal weapon, pulling out from a driving vehicle, pushing, punching, and scratching Plaintiff was intended to cause the victim to apprehend imminent harmful or offensive contact by the defendant.

90)    The plaintiff, who peacefully attempted to encourage PO Burns and Massulo to be pace officers was met with immediate aggression, which led the Plaintiff to be in fear for her life and call 911 and request Supervisors to protect them from aggression and unprovoked battery. That did not stop Defendants from proceeding with the aggression and assaults.

91)    The actions of Defendants and conversations are clearly shown on their body-worn footage in the possession of Plaintiff.

92)  The said assault and battery caused Plaintiff personal injury and damage, both physical and mental; and severe emotional distress and illness and disability.

93)  As a result thereof, Plaintiff is entitled to judgment for $500,000.00.

**SIXTH CLAIM FOR RELIEF**
**UNDER 42 U.S.C §1983**
**FOR FALSE ARREST AND IMPRISONMENT**
**VIOLATION OF IV AMENDMENT UNLAWFUL SEIZURE AND**
**SEARCH AND DEPRIVATION OF LIBERTY**

94)  Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

95)  The defendants arrested, detained, and imprisoned Plaintiff, without a warrant, without probable cause, and without complaining witness,  even though they knew or should have known that he was wholly innocent of any crime then and then alleged against him, and thus violated Plaintiff's Constitutional rights.

96)  Defendants, intended to confine, Plaintiff who was aware of the confinement, did not give consent and confinement was not privileged.

97)  The plaintiff is entitled to judgment for 1 mln dollars.

## SEVENTH CLAIM FOR RELIEF: ASSAULT

## VIOLATION OF 14th Amendment

### 1610. Assault -- 18 U.S.C. 351(e)

98)   Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

99)   The defendant's act of nearly murdering Plaintiff with the use of a lethal weapon, pulling out from a driving vehicle, pushing, punching, and scratching Plaintiff was intended to cause the victim to apprehend imminent harmful or offensive contact by the defendant.

100)   The plaintiff, who peacefully attempted to encourage PO Burns and Massulo to be pace officers was met with immediate aggression, which led the Plaintiff to be in fear for her life and call 911 and request Supervisors to protect them from aggression and unprovoked assault. That did not stop Defendants from proceeding with the aggression and assaults.

101)   The actions of Defendants and conversations are clearly shown on their body-worn footage in the possession of Plaintiff.

102)  The defendants are liable for assault on the Plaintiff.

103)  As a result, Plaintiff is entitled to judgment for $5mln.

## EIGHT CLAIM FOR RELIEF

### BATTERY
### VIOLATION OF 14th Amendment

104)  Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

105)  The defendant **has acted,** intending to cause contact, and had contacted the body of the Plaintiff causing permanent injury and disability.

106)  The defendants have intended to cause contact that is harmful or offensive, which was shown on the videos of officers' body cams where they were clearly asked to move away from the area of danger for Plaintiff and they had obstructed Plaintiff's ability to move away and assaulted Plaintiff causing irreparable harm.

107)   This intent does not necessarily mean that the defendant intended to harm the plaintiff, but rather that the defendant intended the contact that was harmful or offensive. This can also be established

by showing that the defendant acted with the knowledge that such contact was substantially certain to happen, which is proven by the footage and statements on their body-worn cameras.

108) There must be contact with the plaintiff's person. The contact does not need to cause injury but must be harmful or offensive. Offensive is generally defined as contact that would offend a reasonable person's sense of dignity. Here Plaintiff was nearly murdered on the public street in visible light and in front of her only child's eyes. The damage from this can lead to the child self-harming due to a lack of proper trauma care.

109) The contact must have been without the plaintiff's consent. Consent can negate a battery claim if it can be shown that the plaintiff permitted the defendant's actions either expressly or impliedly. The Plaintiff explicitly refused contact after requesting the cause of demands for the car key which was explained as: "Because I said so." Instead, you are under arrest for the crime x, y, z.

110) While some jurisdictions do not require the plaintiff to prove damages to establish a battery (the act itself is enough to support a

claim for nominal damages), showing actual damages can lead to compensatory damages. In cases of particularly egregious behavior, punitive damages may also be awarded.

111) Act of jumping in front of the Plaintiff moving vehicle, pulling the gun on the law-abiding citizen, endangering the public, traumatizing a 6-year-old child on her birthday, pulling out Plaintiff who is 5.2 and 122 lbs, without any weapons out of the moving vehicle, to then criminally falsify records, and steal evidence of misconduct by Defendants shocks consciousness and has no place in a civilized society that we claim to be.

112) Defendant BURNS had no legitimate reason to jump in front of the car and pull the gun as deemed by CCRB upon investigation.

113) The potential loss of one week of vacation as a penalty available via administrative courts who held proceedings on March 26th, 2024 is not nearly sufficient to deter such future conduct.

114) The defendants are liable to the Plaintiff for battery.

115) As a result, the Plaintiff is entitled to judgment an amount exceeding the jurisdiction of all lower courts.

## NINTH CLAIM FOR RELIEF

## FALSE ARREST

## AND IMPRISONMENT
## VIOLATION OF FOURTH AMENDMENT RIGHT

116)  Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

117)  The defendants arrested, detained, and imprisoned Plaintiff, without a warrant, without probable cause, and without complaining witness, alleging a crime commited,   even though they knew or should have known that he was wholly innocent of any crime then and then alleged against him, and thus violated Plaintiff's Constitutional rights.

118)  Defendants, intended to confine, Plaintiff who was aware of the confinement, did not give consent and confinement was not privileged.

119)  The defendants are liable for false arrest and false imprisonment to Plaintiff.

120)  As a result, Plaintiff is entitled to judgment for 2 million dollars.

## TENTH CLAIM FOR RELIEF

## INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS VIOLATION OF
## XIX AMENDMENT ENDORSED BY CONGRESS

121) Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

122) We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty, and the pursuit of Happiness.

123) Defendants, acts, discrimination, arrest, battery without probable cause, and interference with familial relationship have destroyed the Plaintiffs' and minor child's ability to live full life and pursue or experience happiness. The Plaintiff does not feel safe in the state where police activity does not consist of creating peace but escalation of a simple request to file a police report to nearly murder Plaintiff. All these acts with nearly no consequences to the Defendant, create a feeling of Mafia running New York State. It feels less safe than Mexico or Kenya as their RICO organizations are not hiding behind the police badge or medical license and using children as pawns and shields.

124) The defendants' conduct, in assaulting, battering, and falsely arresting and imprisoning Plaintiff was outrageous, shocking, and exceeded all reasonable bounds of decency.

125) To recover for intentional infliction of emotional distress, a plaintiff must prove, "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." White v. Monsanto Co., 585 So. 2d 1205, 1209 (La. 1991).

126) The defendants are liable for intentional infliction of emotional distress to Plaintiff as they have caused physical injuries and emotional injuries resulting in Plaintiff's life being in danger due to feelings of hopelessness, suicidal thoughts, self-neglect, and subsequent life-threatening emergency room visits related to mental anguish.

127) The plaintiff subsequently lives with the fear of the Police and has a difficult time reaching out for help in life-threatening situations as a

result of the assault, battery, and failure of the NYPD Supervisor to discipline clear criminal conduct by its employees.

128)  As a result thereof, Plaintiff is entitled to judgment for $1mln.

## ELEVENTH CLAIM FOR RELIEF
### (NEGLIGENT INFLICTION OF
### EMOTIONAL DISTRESS, ALLEGED VIOLATION OF THE IX
### AMENDMENT ENDORSED BY CONGRESS

129)  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

130)  The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning Plaintiff was careless and negligent as to the emotional health of Plaintiff.

131)  The defendants are liable for negligent infliction of emotional distress to Plaintiff.

132)  As a result thereof, Plaintiff is entitled to judgment in the amount of $1mln.

## TWELVE CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

133)  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

134) The defendant CITY OF NEW YORK, was negligent in its operation, management, supervision, and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiff.

135) Additionally, the defendants JAMES BURNS, MAURICIO, JANE DOE 911 OPERATOR, and or were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

136) As a result thereof, Plaintiff is entitled to judgment for $1mln.

## THIRTEEN CLAIM FOR RELIEF

## 18 U.S. CODE § 241 - CONSPIRACY AGAINST RIGHTS

137) If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

138) They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in

violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

139)  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

140)  The defendants' conduct, in assaulting, conspiring, threatening, battering and falsely arresting and imprisoning Plaintiff was conduct unbecoming of a Public Official supposedly held to a higher standard.

141)  The defendants are liable for Conspiracy against rights.

142)  As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

<u>**FOURTEENTH CLAIM FOR RELIEF**</u>

**DEPRIVATION OF THE FOURTEENTH AMENDMENT RIGHT OF DEPRIVATION OF THE INTIMATE FAMILIAR RELATIONSHIP**

143) "The Fourteenth Amendment guarantees a substantive right under the Due Process Clause to intimate familial association." *Lara-Grimaldi v. Cnty. of Putnam,* 2019 WL 3499543, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting *Gorman v. Rensselaer County,* 910 F.3d 40, 47 (2d Cir. 2018)). "The husband-wife relationship" has "been recognized as warranting protection." *Maselli v. Tuckahoe Union Free Sch. Dist.,* 2018 WL 4637003, at *4 (S.D.N.Y. Sept. 27, 2018). However, in order to plead a Fourteenth Amendment claim for violation of the right to intimate familial association, a plaintiff must allege that the "state action was *specifically intended to interfere with the family relationship,* " as "only deliberate conduct implicates due process." *Lara-Grimaldi,* 2019 WL 3499543, at *3 (quoting *Gorman,* 910 F.3d at 47) (additional emphasis added); *see also Garten v. Hochman,* 2010 WL 2465479, at *5 (S.D.N.Y. June 16, 2010) (Gardephe, J.) (dismissing intimate familial association claim where, among other things, plaintiff failed to plead facts showing that defendant's decision to assign plaintiffs children to a different elementary school was "motivated by a desire to interfere with his relationship with his children"). . . .

144)  Beyond this, many courts have held that "an intimate association right is not violated unless the challenged action has the likely effect of ending the protected relationship." *Adler v. Pataki,* 185 F.3d 35, 43-44 (2d Cir. 1999); *see also Garten,* 2010 WL 2465479, at *5 (complaint was insufficient because "Garten has not alleged - nor could he - that the decision to move [his children] from one school to another had 'the likely effect of ending' his relationship with his children") (quoting *Adler,* 185 F.3d at 43); *Harris-Thomson v. Riverhead Charter Sch. Bd. Of Trustees,* 2016 WL 11272084, at * 14 (E.D.N.Y. Feb. 23, 2016).

145)  Fourteenth Amendment claim where plaintiff claimed that the Board of Trustees failed to reappoint her as a trustee in retaliation for removing her son from the school but failed to allege that defendants' actions "either had the 'the likely effect of ending' her relationship with her son or, at the very least, constituted an undue.

146) Defendants, in a conspiracy with a clear goal to deprive the Plaintiff of the relationship with her only child, N.B. born Aug 24th, 2015, under the false pretense of the Plaintiff suffering from serious

mental health illnesses, effectively destroyed a once loving, close relationship that lasted from the day of birth until 2021.

147) On Dec 19th, 2019 Defendant, GUT filed an Emergency Order to Show Cause in Richmond Family Court alleging Plaintiff suffers from 4 serious mental health illnesses and thus should be deprived of the custody and care of her child. Defendant alleged that the mother, Plaintiff was psychotic when moving out with the child in July 2018. That is in contrast with the custodial agreement here entered trusting the mother with the care of the 3-year-old child in full and requesting visitations only 6 days per month. The Petition was custody came after 3 hearings in front of Richmond Family Court where Mr GUT did not raise any issues or concerns of a mother having full custody of N.B.

148) The Emergency Petition for full custody was triggered by the child support calculation done by the support Magistrate, where Defendant GUT was calculated to owe monthly child support of $3800 per month, an increase from what he volunteered to pay, which was $1800 per month.

149) Due to false allegations of Mental Illnesses against the Plaintiff, Richmond Family Court ordered a Forensic Psychological Evaluation of the parents of N.B. by respected PhD Psychologist Dr. Mark Rand who concluded that Mr. GUT is a pathological liar with sociopathic traits and testified that he is abusing minor child N.B. by medical neglect and deprivation from the relationship of the loving mother.

150) NYPD failed to consider this detailed 350 report disproving Mental Health Allegations and proving that Mr. GUT intentionally makes false allegations to destroy the relationship and mother of his child. Countless, times Plaintiff, notified NYPD of the existence of such a report showing the lack of credibility of Mr. GUT  and continued to harras Plaintiff and arrest without probable cause and knowing that Mr. GUT lacked veracity, thus criminally conspiring and depriving Plaintiff and the minor child of their basic rights, including Human Rights.

151) Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

152) The defendants' acts towards Plaintiff as previously set forth herein were without warrant, authority of law, or any reasonable cause or belief that Plaintiff committed any crime.

153) Such acts constituted a deprivation of Plaintiff's Constitutional rights, liberties, and freedoms under color of State law, under 42 U.S.C. §1983 as well as Ninth Amendment violation of Plaintiff's Constitutional rights caused her injury and damage, both physical and mental; and severe emotional distress and illness, and effects continue to accrue until today.

154) Because Defendants violated Plaintiff's Constitutional rights, Plaintiff is entitled to judgment for $100 million. This figure includes compensation for physical damages, leading to disability, loss of time and relationship with N.B., trauma, emotional distress, l fees, loss of earnings, and punitive damages."

## FIFTHETNH CLAIM FOR RELIEF

## 18 U.S. CODE § 242 - DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

155) Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts **include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.**

156) Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

157) The defendants' conduct, in assaulting, conspiring, threatening, battering, and falsely arresting and imprisoning Plaintiff was conduct unbecoming of a Public Official supposedly held to a higher standard.

158) The defendants are liable for Conspiracy against rights as they have communicated before Aug 24th, 2021 and after to orchestrate, deprivation from visitation with the child on her birthday, luring the Plaintiff into the dangerous zone in front of Defendant Gut's home to assault Plaintiff. Thereafter, Defendant City of New York and NYPD refused to this day to provide a 911 call with the operator instructing Plaintiff to arrive at the trap in front of 28 Beach Ave.

159) Defendant, Thomas Gut has planned to set up arrest of the Plaintiff if Plaintiff asserts her custodial and Human rights to her child to the children and related such threats through the child and Justina Torres, which are voice recorded on multiple dates of occurrence.

160)  As a result, the Plaintiff is entitled to judgment for $5 mln.

## SIXTEENTH CLAIM FOR RELIEF

### 18 U.S. CODE § 1509 - OBSTRUCTION OF COURT ORDERS

161)   On Aug 24th, 2021 Defendant, GUT failed to comply with the court order dated Sept 4th, 2020 for daily FaceTime Contact at 7 pm and further filed false reports of Plaintiff being parked in front of his house, at 28 Beach Ave, SI, NY. while he was not at the house. This false report further obstructed a court order for FaceTime, disabling Plaintiff from access to her cell phone that was unlawfully seized by his co-conspirators, Defendants BURNS and MASSULO.

162)  Defendants, BURNS, and MASSULO deprived Plaintiff of liberty and possessions further obstructing the Sept 4th, 2020 order. Plaintiffs, car, personal belongings, cell phone, medication, medical records were seized and some of them stolen by NYPD.

163)  NYPD invited Plaintiff, to be arraigned on Aug 24th, 2021 for yet another falsely, alleged violation of an order of protection where Plaintiff, after weeks of communication with Mr. GUT about the care of the child was arrested for responding to the email that Mr. GUT disagreed with.

164) NYPD was aware of the visitation with N.B. scheduled at 4 pm on her special day and delayed the process of arraignment so that Plaintiff missed the visit with N.B. due to late release after 6 pm.

165) NYPD obstructed this contact order with N.B. by arresting Plaintiff instead of enforcing a clear court order on Defendant Gut. This act shows clear discrimination, and intentional deprivation of Plaintiff to her only child. The camera footages from 122 nd Precicnt indicate precisely what happened. However, Plaintiff requested them in the past and has learned from employee of NYPD that 122 nd commits battery and assaults on citizens with "dummy" cameras that are not functioning.

166)  Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

167) The defendants' conduct, in assaulting, conspiring, threatening, battering, and falsely arresting and imprisoning Plaintiff was conduct unbecoming of a Public Official supposedly held to a higher standard.

168)  The defendants are liable for Obstruction Of Court Orders

169)  As a result thereof, Plaintiff is entitled to judgment for $1mln.

## SEVENTEENTH CLAIM FOR RELIEF

## 18 US. CODE § 1512 -TAMPERING WITH A WITNESS, VICTIM, OR INFORMANT

170) **On Aug 24th, 2021 Defendant,** MASSULO stole Plaintiff, medical record that contained the report number for police brutality provided to Plaintiff by the captain, while Plaintiff was being treated in the hospital for injuries sustained during an assault in front of 28 Beach Ave around 7.15 pm.

171) Defendant, MASSULO obstructed justice by Depriving Plaintiff of Medical Records, on evening of Aug 24th, 2021 indicating injuries and report numbers indicating the guilt of Defendants.

172) NYPD obstructed Justice by failure to obtain a Forensic Expert Report proving the lack of veracity of complaining witnesses and malicious causes of false police reports.

173) NYPD obstructed and continues to obstruct Justice by unlawful denial of FOIL requests for the Domestic violence and Child Endangerment incidents reported by the Plaintiff and other records proving conspiracy and intentional deprivation of rights and

discrimination. The obstruction of Records' continuous harassment and damage to the plaintiff's health employment good name had delayed significantly the ability to file this action.  Thus I'm requesting this court although some claims might be Beyond the statute of limitation in the interest of Justice they are accepted.  In cases like **Hubbard v. New York State Office of Mental Health**, where procedural issues significantly impacted the plaintiff's ability to pursue legal action, courts have considered the context of delays, including the plaintiff's health and circumstances. Additionally, **Matter of Mental Hygiene Legal Services v. Delaney** discusses how ongoing mental health challenges and institutional conditions can impact legal timelines.

174)  Defendants have discriminated plaintiff due to foreign-born origin obvious accent female gender status of domestic violence victim Indigenous status and alleged mental health disorder and disability.

175) Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

176) The defendants' conduct, in assaulting, conspiring, threatening, battering, and falsely arresting and imprisoning Plaintiff was conduct unbecoming of a Public Official supposedly held to a higher standard.

177) The defendants are liable for Conspiracy against rights.

178) As a result thereof, Plaintiff is entitled to judgment for $5 mln.

## EIGHTEENTH CLAIM FOR RELIEF

### 42 U.S.C. §12301(3)(5)(7)(A)(B), Title II claim of American Disabilities Act

179) Plaintiff repeats and realleges every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

180) The defendants' conduct, in assaulting, conspiring, threatening, battering, and falsely arresting and imprisoning Plaintiff triggered her Post Traumatic Stress Disorder due to previous law enforcement officials failing to perform their duties to keep me safe and secure.

181) The defendants are liable for Conspiracy against rights.

182) As a result thereof, Plaintiff is entitled to judgment for $1mln.

## SUMMARY

53

183) In summary, the Plaintiff, a mother of an only child, has been falsely accused of having serious mental illnesses without any proof and has faced discrimination based on these unsubstantiated claims. The defendant advised the NYPD that the plaintiff was not credible, leading to further discrimination by the NYPD. As a result, the plaintiff was denied assistance, including the filing of domestic incident reports and intervention to prevent the defendant from driving under the influence with the minor child.

184) On multiple occasions, the plaintiff attempted to file complaints with the NYPD regarding false police reports but was dismissed and labeled as "crazy." The plaintiff has recorded several conversations where NYPD officers made discriminatory remarks, including unfounded claims that the plaintiff has borderline personality disorder.

185) The plaintiff, who has a spotless 20-year record as a registered nurse and has never been involved with law enforcement until this alleged conspiracy to deprive her of her relationship with her child began, argues that the court must not allow the criminalization of parenting, a trend that is increasingly occurring in New York State.

This issue affects many parents, and the Plaintiff prays that this court takes extraordinary measures to stop on criminalization of parenting and clear discrimination by officers with a long history of complaints filed in CCRB with a similar pattern of abuse of force by JAMES BURN, filed by 10 females. The Monell Claim is warranted in this situation and Plaintiff who became disabled and indigenous due to the misconduct of NYPD is requesting the assignment of counsel and attaching in forma paupers application.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

On each CLAIM FOR RELIEF, judgment in the amount of listed by each claim but not less total 100 million dollars.

The plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of the action. Additional damages to Plaintiffs, health, and livelihood are accruing and are reserved to be determined by Trial of Jury.

# REQUEST FOR EQUITABLE RELIEF

Plaintiff, Marta Bryceland, hereby requests that this Court grant such equitable relief as it deems just and proper under the circumstances, including but not limited to:

1. An order enjoining the Defendants, their agents, employees, and all persons acting in concert with them, from engaging in any further acts of discrimination, harassment, retaliation, or any other form of unlawful conduct against the Plaintiff and her minor child, N.B.

2. An order requiring the Defendants to implement training programs for their employees, specifically the NYPD officers, on the constitutional rights of individuals, proper procedures for interaction with the public, and the handling of domestic violence and child custody issues to prevent further misconduct and abuses of power.

3. An order for the Habeas Corpus of the minor child back to NJ residence where the child was kindpaped from.

4. An order for the expungement of any records related to the unlawful and false arrests of Plaintiff, ensuring that these incidents do not unjustly affect her future employment, reputation, and her professional license as a registered nurse.

5. Any other relief that the Court deems necessary to rectify the harm caused to Plaintiff by the Defendants' actions, including measures to safeguard Plaintiff and her minor child, N.B., from future harm and to ensure their safety and wellbeing.

6. Plaintiff asserts that these requests for equitable relief are essential to prevent further irreparable harm, to protect her and her minor life as well Human rights, and to ensure that justice is served in light of the Defendants' egregious conduct. Plaintiff respectfully requests that this

Court exercise its equitable powers to grant such relief as is necessary

to remedy the wrongs described herein and to prevent their recurrence.


    In the event the plaintiff is a prevailing party,  fees;

interest, costs, and such other relief as the Court shall deem just and

proper.

DATED:    Bergen County, New Jersey
August 23, 2024

                  Yours, etc.,

                  _____
                  Attorney for Plaintiff
                  MARTA BRYCELAND

58

# MEMORANDUM OF LAW
# 18 US. CODE § 1512 -TAMPERING WITH A WITNESS, VICTIM, OR INFORMANT

**(a)**

**(1)**Whoever kills or attempts to kill another person, with intent to—

**(A)**prevent the attendance or testimony of any person in an official proceeding;

**(B)**prevent the production of a record, document, or other object, in an official proceeding; or

**(C)**prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

**(2)**Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to—

**(A)**influence, delay, or prevent the testimony of any person in an official proceeding;

**(B)**cause or induce any person to—

**(i)**withhold testimony, or withhold a record, document, or other object, from an official proceeding;

**(ii)**alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;

**(iii)**evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

59

**(iv)**be absent from an official proceeding to which that person has been summoned by legal process; or

**(C)**hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

shall be punished as provided in paragraph (3).

**(3)**The punishment for an offense under this subsection is—

**(A)**in the case of a killing, the punishment provided in sections 1111 and 1112;

**(B)**in the case of—

**(i)**an attempt to murder; or

**(ii)**the use or attempted use of physical force against any person;

imprisonment for not more than 30 years; and

**(C)**in the case of the threat of use of physical force against any person, imprisonment for not more than 20 years.

**(b)**Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

**(1)**influence, delay, or prevent the testimony of any person in an official proceeding;

**(2)**cause or induce any person to—

**(A)**withhold testimony, or withhold a record, document, or other object, from an official proceeding;

**(B)** alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

**(C)** evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

**(D)** be absent from an official proceeding to which such person has been summoned by legal process; or

**(3)** hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than 20 years, or both.

**(c)** Whoever corruptly—

**(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

**(2)** otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

**(d)** Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from—

**(1)** attending or testifying in an official proceeding;

**(2)** reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

61

**(3)**arresting or seeking the arrest of another person in connection with a Federal offense; or

**(4)**causing a criminal prosecution, or a parole or probation revocation proceeding, to be sought or instituted, or assisting in such prosecution or proceeding;

or attempts to do so, shall be fined under this title or imprisoned not more than 3 years, or both.

**(e)**In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully.

**(f)**For the purposes of this section—

**(1)**an official proceeding need not be pending or about to be instituted at the time of the offense; and

**(2)**the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege.

**(g)**In a prosecution for an offense under this section, the state of mind must be proved with respect to the circumstance—

**(1)**that the official proceeding before a judge, court, magistrate judge, grand jury, or government agency is before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a Federal grand jury, or a Federal Government agency; or

**(2)**that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant.

**(h)**There is extraterritorial Federal jurisdiction over an offense under this section.

**(i)**A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

**(j)**If the offense under this section occurs in connection with a trial of a criminal case, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

**(k)**Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.