# EXHIBIT A

## EXHIBIT    A

 **An -E mail establishing primary custody for the mother and 6 visits per month.**

**Begin forwarded message:**

**From: Tom Gut <drtomgut@gmail.com>**

**Subject: Child support**

**Date: July 27, 2018 at 3:42:56 PM EDT**

**To: Marta💖😍💘 <martamsankowska@gmail.com>**

I, Thomas Gut, agree to pay for my daughter, child support and day-to-day expenses in the total amount of $1,800.00

monthly. Payment will be made monthly to Marta Bryceland.  I will take my daughter for 3 days every other week, tentatively

Wednesday, Thursday and Friday, or unless otherwise arranged. Support effective the day my daughter moves with her mother to their

new home on Staten Island.

Thomas Gut

# EXHIBIT B

GF18Temp

At a term of the Family Court of the
State of New York, held in and for
the County of Richmond, at 18
Richmond Terrace, Staten Island,
NY 10301, on September 4, 2020

**PRESENT:** Janet L. McFarland, Referee

In the Matter of a **Custody/Visitation** Proceeding

**Thomas Gut,**

Petitioner,

- against -

**Marta Bryceland,**

Respondent.

**File #:**    38689
**Docket #:**  V-05992-19
           V-04604-19

**TEMPORARY ORDER OF
VISITATION**

Thomas Gut having filed a petition on December 19, 2019, pursuant to Article 6 of the Family Court Act, requesting an order awarding custody of the following minor child(ren):

| Name | Date of Birth |
|------|---------------|
| Natalia Bryceland | 8/24/2015 |

And the matter having duly come on to be heard before this Court;

And the Court having searched the statewide registry of orders of protection, the sex offender registry and the Family Court's child protective records, and having notified the attorneys for the parties and for the child;

And the Court having considered and relied upon the following results of these searches in making this decision; .

NOW, it is hereby

ORDERED that The parenting access will be as follows: On Saturday, September 5th, the mother will pick up the child at 1pm from the father's residence and the father will pick up the child from the mother on Wednesday September 9 at 7pm. On Sunday September 13th the father will drop off the child at 7pm and the mother will return the child on Wednesday September 16th at 7pm. On Friday, September 18th the mother will pick up the child at 5pm and then return the child to the father on Wednesday September 22 at 7pm. On Sunday, September 27th the father will return the child to the mother at 8pm and the mother will return the child to the father on Wednesday September 30th at 7pm. On Sunday October 2, the father will return the child to the mother at 7pm and the mother will return the child to the father on Tuesday October 6th at 7pm. On Sunday October 11th the father will drop off the child to the mother and the mother will return the child on October 14th at 7pm. Thereafter, the parties will alternate the Tuesday and Wednesday exchange. All pick up and drop offs will be at the father's home in Staten Island or the mother's home in Edgewater, NJ. When the child is with the mother, the mother is responsible to make sure that the child has a working IPAD, computer or laptop so that the child can attend school virtually and do her school work. Each parent may facetime with the child once a day at 7pm when the child is with

Page: 2 of 2
Docket No: V-05992-19
V-04604-19
GF18Temp

the other parent. Neither parent shall schedule events for the child when the child is with the other parent. Neither parent shall ask to the child when the child is with the other parent.  Neither parent shall discuss this case with the child. .

This order shall remain in effect until further order of the Court.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Dated:** September 4, 2020                    **ENTER**

Janet L. McFarland, Referee

THIS IS TO CERTIFY THAT THIS IS A TRUE
IN THE MATTER
DESIGNATED IN SUCH COPY AND SHOWN BY
THE RECORDER OF THE

SEP 1 9 2023

OF THE STATE OF NEW YORK
FOR THE COUNTY OF RICHMOND

CLERK OF COURT

**Check applicable box:**
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____

# EXHIBIT C

1

```
 1    CRIMINAL COURT OF THE CITY OF NEW YORK

 2    COUNTY OF RICHMOND: PART AR-1
      ------------------------------------X
 3    THE PEOPLE OF THE STATE OF NEW YORK :
                                            Docket No. CR-003986-21RI
 4                    - against -          :
                                            Arraignment
 5    MARTA BRYCELAND,                     :

 6                                         :

 7                              Defendant.
      ------------------------------------X

 8

 9                    26 Central Avenue
                      Staten Island, New York
10                    August 25, 2021

11

12
      B E F O R E :
13                    HONORABLE GERIANNE ABRIANO
                      CRIMINAL COURT JUDGE
14

15    A P P E A R A N C E S :

16
                      OFFICE OF MICHAEL E. MCMAHON, ESQ.
17                    DISTRICT ATTORNEY, RICHMOND COUNTY
                      Attorney for the People
18              BY: ALVA PRENGA, ESQ.
                      Assistant District Attorney
19
                      LEGAL AID SOCIETY,
20              BY: CHRISTINA PALIOGIANNIS, ESQ.
                      Attorney for the Defendant
21

22

23                              JENNIFER A. PERROTTA,
                                Official Court Reporter
24

25
```

PROCEEDING                                    2

1              COURT OFFICER:  For arraignment, Marta

2    Bryceland, '21 docket ending 3986, Defendant charged with

3    Penal Law Section 215.50(3)(2) and various other charges.

4              Counsel, waiving the reading, not the rights?

5              MS. PALIOGIANNIS:  So waived.

6              Legal Aid Society by Christina Paliogiannis.

7              MS. PRENGA:  Alva Prenga for the People.

8              COURT OFFICER:  Order to Counsel issued and

9    served on prosecutor and defense counsel.

10             THE COURT:  Notices?

11             MS. PRENGA:  People are serving 250.20, 370.15

12   Notice.  No further notices.

13             There is currently no offer on this case.

14             The People are requesting a Full Order of

15   Protection in favor of Thomas Gutt (phonetic.)

16             There is currently no Supporting Deposition.

17             As to securing orders, the People are requesting

18   this Defendant be placed on Supervised Release.

19             This Defendant was arraigned just yesterday

20   afternoon for violating an Order of Protection.  As soon

21   as she was released, she went to the complaining victim's

22   home and was observed by police officers at the location.

23             This Defendant currently has two other open

24   cases; which were scheduled today in AP-2DV.

25             For these reasons, the People are requesting

PROCEEDING                                    3

1    Supervised Release.  And, Your Honor, I have the dates for

2    those two cases, as well.

3            THE COURT:  She was arraigned yesterday?

4            MS. PRENGA:  Yes, Judge, I have --

5            MS. PALIOGIANNIS:  Your Honor, here is what I

6    can tell you, I did speak with the assigned on this case

7    before it got called and I offered some litigation with

8    regard to the instant allegation, as well as history with

9    regard to the open cases.  It's my understanding that is

10   the reason Supervised Release is being requested, it's a

11   changed request.

12           THE COURT:  Why doesn't the complaint reference

13   the case from yesterday?

14           MS. PRENGA:  I am not sure.

15           THE COURT:  It references an A.C.D. from May.

16           MS. PRENGA:  I am not sure.  I can ask the

17   assigned A.D.A.  It's not in the note.

18           THE COURT:  This is a qualifying offense, no?

19           MS. PRENGA:  Your Honor, I believe it is.

20   However, the assigned A.D.A. has been in contact with

21   defense counsel and this is what they --

22           THE COURT:  -- and what?

23           MS. PRENGA:  Agreed to -- the assigned A.D.A.

24   Has been in touch with defense counsel and Supervised

25   Release is what they agreed to.

PROCEEDING                          4

1           THE COURT:  Well, fortunately, it's the Judge

2     that sets the bail condition.

3           MS. PRENGA:  Yes, Judge.

4           MS. PALIOGIANNIS:  Again, I spoke to

5     Mr. Spahija, who is the assigned, with regards to

6     mitigation --

7           THE COURT:  I think you should share it with the

8     Court.

9           MS. PALIOGIANNIS:  Sure.  So the allegation is

10    she violated an Order of Protection by being present in

11    front of the home of the protective party.  Mr. Spahija

12    confirmed that Ms. Bryceland was actually the person that

13    called 911.  The reason she called 911 is because there is

14    a visitation order out of family court in affect.  That

15    visitation order provides that she is permitted to have

16    phone conversations with her child at 7:00 p.m.  Yesterday

17    was her child's sixth birthday, and at 7:00 p.m. she

18    attempted to call the child, who did not answer.  She

19    tried again, the child did not answer.  There is an

20    ongoing situation where the father has been preventing the

21    child from having the court-ordered communication with her

22    mother.  So when she called 911, she was calling to report

23    the violation of the custody agreement.  And when the

24    police asked where the crime was being committed, she gave

25    the location of the house, because that's where the crime

PROCEEDING                          5

1     was being committed.  And, at that point, she was told

2     officers will report to the house.  So she went to file

3     the report.  She never went to the home, as in to the

4     doorstep or anything of that nature or engage with the

5     protective parties.  She was there to file a report with

6     the police.  And she went to the location, the police told

7     her to go to --

8                THE COURT:  Okay.  People, take a look at the --

9     page two of the complaint.  Do those facts, the resisting

10    arrest, do they relate to the case from May or the case

11    from yesterday and today's arrest?

12               MS. PALIOGIANNIS:  They relate to the case from

13    yesterday.  And to that end, she was taken, she was

14    transported to Staten Island University Hospital because

15    of the injuries inflicted upon her by three police

16    officers.

17               As you can see, Ms. Bryceland is 5'2" and like

18    125 pounds.  And she still has the bracelet on from her

19    hospital admission.

20               THE COURT:  Who wrote the complaint, People?

21               MS. PRENGA:  Your Honor, I believe the assigned

22    A.D.A. did write the complaint.

23               THE COURT:  Who is that?  Spahija?  You want to

24    point out that it says "the above referenced time," which

25    is May of last year?  This complaint must be Superseding

PROCEEDING                                        6

1        Information.

2                THE COURT:  Yes, Judge, will do.

3                THE COURT:  I was considering setting bail.

4        Based on everything you said, I will release her.  I am

5        not putting her on Supervised Release.  Supervised

6        Release, the whole point of it is to ensure the Defendant

7        come to court.  Your client needs to stay out of this

8        courtroom, other than her court dates.

9                MS. PALIOGIANNIS:  Thank you, Your Honor.

10               THE COURT:  Ma'am, I do not want to see you in

11       here again.  There will be no more excuses.  You are to

12       stay completely away from the complainant's home,

13       business, and any other place where you know the

14       complainant will be.  No email, no phone calls, no text

15       messages, no instant messages, no contact through any

16       third party, no contact on social media; do you

17       understand?

18               THE DEFENDANT:  Yes, I do, Your Honor.  This

19       is --

20               THE COURT:  Talk to your lawyer when your case

21       is over.

22               MS. PALIOGIANNIS:  Subject to family court,

23       Judge?

24               THE COURT:  Yes.  Subject to family court.

25               Well, actually, for a Superseding Information,

PROCEEDING                                    7

1        November 29, AP-2DV.

2                  MS. PALIOGIANNIS:  Do you want this on the same

3        day as the other AP-2 cases?

4                  THE COURT:  I'm sorry, what day is that?

5                  MS. PRENGA:  9-24.

6                  THE COURT:  9-24.  I put yesterday's case on

7        9-24, also?

8                  MS. PALIOGIANNIS:  My understanding, yes.

9                  THE COURT:  All right.

10                        *      *      *      *

11                  It is hereby certified that the foregoing is a
         true and accurate transcript of the stenographic record.
12

13

14                  _Jennifer A. Perrotta_
                        JENNIFER A. PERROTTA,
15                      Official Court Reporter

16

17

18

19

20

21

22

23

24

25

# EXHIBIT D

# James W. Burns

Badge #5584, White Male
Police Officer at 122nd Precinct since February 2017, active
Service started January 2016, made $110,000 last year, Tax #960295

**Substantiated Allegations:**
Force: Gun Pointed

# Complaints

10 Allegations
1 Substantiated
5 Complaints
1 Substantiated (Charges)
3 Complainant Uncooperative
4 Exonerated
2 Unfounded

### August 2021 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Gun Pointed | White Female, 35-39 | Substantiated (Charges) |
| Force: Physical force | White Female, 35-39 | Exonerated |
| APU Case Status: Pending | | |
| **Penalty: APU - Decision Pending** | | |
| | | additional detai |

### September 2019 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Hit against inanimate object | Black Female, 30-34 | Unfounded |
| Abuse of Authority: Threat of force (verbal or physical) | Black Female, 30-34 | Exonerated |
| Discourtesy: Word | Black Female, 30-34 | Unfounded |
| Force: Physical force | Black Female, 30-34 | Exonerated |
| | | additional detai |

### December 2018 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Discourtesy: Word | Hispanic Female, 34 | Complainant Uncooperative |
| | | additional detail |

### August 2018 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Abuse of Authority: Forcible Removal to Hospital | White Female, 66 | Exonerated |
| | | additional detail |

### January 2018 Complaint

| Allegation | Complainant | CCRB Conclusion |
|---|---|---|
| Force: Physical force | White Female, 25 | Complainant Uncooperative |
| Abuse of Authority: Threat of arrest | White Female, 25 | Complainant Uncooperative |
| | | additional detail |

**Conclusion Meanings:**
**'Exonerated':** or 'Within NYPD Guidelines' - the alleged conduct occurred but did not violate the NYPD's own rules, which often give officers significant discretion.
**'Substantiated':** The alleged conduct occurred and it violated the rules. The NYPD has discretion over what, if any, discipline is imposed.
**'Unfounded':** Evidence suggests that the event or alleged conduct did not occur.
Further details on conclusion definitions.

# EXHIBIT E



# CIVILIAN COMPLAINT REVIEW BOARD
### 100 CHURCH STREET 10th FLOOR
### NEW YORK, NEW YORK 10007 ♦ TELEPHONE (212) 912-7235
### www.nyc.gov/ccrb



ERIC L. ADAMS
MAYOR

ARVA RICE
INTERIM CHAIR

January 20, 2023

Marta Bryceland
502 Livingston Court
Edgewater, NJ 07020

CCRB Case Number: 202105105
CCRB Squad Manager: Patrick Yu - *pyu@ccrb.nyc.gov*

Dear Marta Bryceland,

The Civilian Complaint Review Board has concluded its thorough investigation of the incident you were involved in. The staff of the CCRB recognizes the meaningful contribution you made by telling your story so this investigation could move forward. After reviewing all of the evidence gathered throughout the investigation, which includes your testimony, the Board of the CCRB has come to the findings (see below) of the allegations regarding this incident. There is an enclosed form that lists what each of the potential outcomes of an investigation is, and explains what each outcome means.

In your case, the investigation determined that at least one of the allegations that occurred was misconduct (substantiated). Under New York City law, all of the allegations in this case will be forwarded to the Police Commissioner, who has the authority to actually impose discipline against an officer; the CCRB can only make recommendations regarding discipline.

Please be aware that in certain cases police officers are entitled by law to an administrative hearing before the Department can impose disciplinary penalties; in such case any civilian involved in an incident may be asked to testify at an administrative proceeding.

| Allegation(s) by letter: | Board Finding(s): |
|---|---|
| A) Force:<br>On August 24, 2021, at 28 Beach Avenue in Staten Island, Police Officer Michael Masullo used physical force against Marta Bryceland. | Miscellaneous - Subject Resigned |
| B) Force:<br>On August 24, 2021, at 28 Beach Avenue in Staten Island, Police Officer James Burns pointed his gun at Marta Bryceland. | Substantiated (Charges) |
| C) Force:<br>On August 24, 2021, at 28 Beach Avenue in Staten Island, Police Officer Michael Masullo pointed his gun at Marta Bryceland. | Miscellaneous - Subject Resigned |
| D) Discourtesy:<br>On August 24, 2021, at 28 Beach Avenue in Staten Island, Police Officer Michael Masullo spoke discourteously to Marta Bryceland. | Miscellaneous - Subject Resigned |

CCRB CTS - Confidential

**Unfounded:** The investigation determined that the alleged action did not occur.
*Example: A civilian filed a complaint and alleged an officer frisked him. After a thorough investigation, the investigator was able to determine that the frisk **did not occur**.*

**Unable to Determine**[2]: The investigation was unable to determine if misconduct occurred under the law or the rules defined by the New York City Police Patrol Guide.
*Example: A civilian filed a complaint and alleged an officer frisked him. After a thorough investigation, the investigator was able to determine that the frisk, which required that the officer have reasonable suspicion that the civilian was armed and dangerous, occurred; however, given differing factors about why the frisk occurred, the investigation was **unable to determine** if the frisk was justified under the laws of New York and the rules set by the NYPD in their Patrol Guide.*

**Officer(s) Unidentified**: The subject officer(s) of the alleged action could not be identified.
*Example: A civilian filed a complaint and alleged an officer frisked him. After a thorough investigation, the investigator **was unable to determine which officer** allegedly conducted the frisk.*

**Miscellaneous:** Typically this means the officer is no longer employed by the NYPD.

**Unable to Investigate**: The investigator was unable to establish contact with the complainant/victim; or the investigator was unable to schedule an interview with the complainant/victim; or the investigator was unable to identify a complainant/victim in the complaint.

**Complaint Withdrawn**: The complainant/victim no longer wishes to participate in an investigation and asked to withdraw the complaint. No case is closed for this reason until the complainant and/or victim verbally affirms that they are voluntarily withdrawing the complaint of their own free will.

**Closed Pending Litigation**: The complainant/victim and/or the attorney representing the complainant/victim, does not want to proceed with the CCRB's investigation because of (potential) pending litigation. Once the attorney or civilian has determined that they would like to have an investigation move forward, they can request to have the case re-opened.

**Re-opening a case:** If you have new evidence, not previously available to the CCRB, or a previously unavailable or uncooperative witness becomes available, the Board may be willing to re-open your case if such new evidence may reasonably lead to a different finding. To request that the Board re-open your case in such circumstances, please detail the new evidence and request in a letter addressed to: Executive Director, at the above address, as soon as possible.

---

[2] This category was previously known as Unsubstantiated.

E) Force:
On August 24, 2021, at 28 Beach Avenue in Staten Island, Police Officer James Burns used physical force against Marta Bryceland.

Within NYPD Guidelines

F) Force:
On August 24, 2021, at 28 Beach Avenue in Staten Island, Police Officer Michael Masullo used physical force against Marta Bryceland.

Miscellaneous - Subject Resigned

G) Offensive Language:
On August 24, 2021, at the Staten Island University Hospital, Police Officer Michael Masullo made offensive remarks to Marta Bryceland based on the perceived mental state of Marta Bryceland.

Miscellaneous - Subject Resigned

H) Discourtesy:
On August 24, 2021, at the Staten Island University Hospital, Police Officer Michael Masullo spoke discourteously to Marta Bryceland.

Miscellaneous - Subject Resigned

I) Discourtesy:
On August 24, 2021, at the Staten Island University Hospital, Police Officer Michael Masullo gestured discourteously toward Marta Bryceland.

Miscellaneous - Subject Resigned

J) Abuse of Authority:
On August 24, 2021, at the Staten Island University Hospital, Police Officer Michael Masullo seized Marta Bryceland's property.

Miscellaneous - Subject Resigned

K) Abuse of Authority:
On August 25, 2021, at the 122nd Precinct stationhouse, Police Officer Matthew Aiello did not process Marta Bryceland's complaint regarding an officer.

Miscellaneous - Subject Resigned

L) Abuse of Authority:
On August 25, 2021, at the 122nd Precinct stationhouse, Sergeant Lara Cadogan did not process Marta Bryceland's complaint regarding an officer.

Miscellaneous - Subject Resigned

M) Abuse of Authority:
On August 25, 2021, at the 122nd Precinct stationhouse, Sergeant Lara Cadogan threatened to arrest Marta Bryceland.

Miscellaneous - Subject Resigned

**Officer Penalty Recommendations:**

The Board's penalty recommendation takes into account all of the allegations substantiated against the officer, as well as the officer's disciplinary history.

CCRB CTS - Confidential

POM James Burns

Substantiated (Charges)

If you have any questions about the current status of your case at the Police Department, please contact the CCRB at (212) 912-7235.

The integrity and quality of the Police Department's service to the public depends, in large part, upon receiving information from citizens like you regarding the performance of police officers as they carry out their duties. The Civilian Complaint Review Board is grateful for the effort you put forth and your willingness to participate in this extremely important process.

Sincerely,

Jonathan Darche
Executive Director

Enclosure

CCRB CTS - Confidential

# EXHIBIT F

8/22/24, 8:04 PM                                                   Gmail - CCRB ID No:202105105, P.O. James Burns

 Gmail

**Marta Sankowska <martamsankowska@gmail.com>**

---

## CCRB ID No:202105105, P.O. James Burns

---

**Bentley, Dwayne (he/him/his) (CCRB)** <DBentley@ccrb.nyc.gov>                Thu, Mar 21, 2024 at 3:36 PM
To: Marta Sankowska <martamsankowska@gmail.com>

Good Afternoon Ms. Bryceland,


Please be reminded that the trial will be on March 26, 2024 at 10 am at 1 Police Plaza, NY.

In response to your questions, here are the response I received.  In regards to your other cases at the CCRB there is only one 'Open' case and it is going to be presented in next month's panel in which she will received a disposition letter whether or not the charges will be substantiated, unsubstantiated or unfounded.

To make a new CCRB complaint, you can walk-in, call (1-800-341-2272) or make the complaint online (https://www.nyc.gov/site/ccrb/complaints/file-a-complaint/file-online.page).

To check the status of any of her outstanding complaints she can use the following site as well: https://www.nyc.gov/site/ccrb/complaints/complaint-status/check-complaint-status.page.

For the cab service please provide your current address.  Thanks.

Best,

Dwayne L. Bentley, Esq.
(he/him/his)
Administrative Prosecution Unit Prosecutor
Civilian Complaint Review Board (CCRB)
100 Church Street, 10th Floor
New York, New York 10007
Office: (212) 912-2088
Cell: (917) 208-2168
dbentley@ccrb.nyc.gov
www.nyc.gov/ccrb

---

**From:** Marta Sankowska <martamsankowska@gmail.com>
**Sent:** Saturday, March 16, 2024 12:37 PM
[Quoted text hidden]


[Quoted text hidden]

# EXHIBIT G

**New York State**
**A    DOMESTIC INCIDENT REPORT**

| Agency | | Complaint # |
|---|---|---|
| NYPD | | |

**Incident**

| Reported Date (MM/DD/YYYY) | Time (24 hours) | Occurred Date (MM/DD/YYYY) | Time (24 hours) | ☐ Officer Initiated | ☐ Radio Run | ☐ Walk-in | Complaint # |
|---|---|---|---|---|---|---|---|
| 8 34 21 | 1936 | 8 34 21 | 1910 | ☐ ICAD (NYC) | | 8842 | |

City, State, Zip: SINY

Address (Street No., Street Name, Bldg. No., Apt No.): 78 BEACH AVE

**Suspect (P2)**

Name (Last, First, M.I.) (Include Aliases): BRUCE-LAND MARIA

| DOB (MM/DD/YYYY) | Age: | ☑ Female ☐ Male |
|---|---|---|
| 6/11/83 | 38 | ☐ Self-Identified: |

Address (Street No., Street Name, Bldg. No., Apt No.): 502 LIVINGSTON CT

Suspect Phone Number: 82 3310891

Language: ENG.

City, State, Zip: EDGEWATER NJ

☑ White ☐ Black ☐ Asian ☐ Hispanic/☑ Non Hispanic ☐ Unknown
☐ American Indian ☐ Other ☐ Other Identifier:

| Do suspect and victim live together? ☐ Yes ☑ No | Suspect/P2 present? ☑ Yes ☐ No | Was suspect injured? ☐ Yes ☑ No If yes describe: | Possible drug or alcohol use? ☐ Yes ☐ No | Suspect supervised? ☐ Probation ☐ Parole |
|---|---|---|---|---|
| | | | | ☐ Not Supervised ☑ Status Unknown |

**Suspect (P2) Relationship to Victim (P1)** ☐ Married ☐ Intimate Partner/Dating ☐ Formerly Married ☑ Former Intimate Partner ☐ Parent of Victim (P1) ☐ Child of Victim ☐ Relative: ☐ Other:

Do the suspect and victim have a child in common? ☑ Yes ☐ No

**Victim Interview**

Emotional condition of **VICTIM?** ☐ Upset ☐ Nervous ☐ Crying ☐ Angry ☑ Other:

What were the first words that **VICTIM** said to the Responding Officers at the scene regarding the incident?
THERE'S A OOP

Did suspect make victim fearful? ☐ Yes ☐ No If yes, describe:

Weapon Used? ☐ Yes ☑ No Gun: ☐ Yes ☐ No Other, describe:

| Suspect Threats? ☐ Yes ☐ No If Yes, Threats to: |
|---|
| ☐ Victim ☐ Child(ren) ☐ Pet ☐ Commit Suicide ☐ Other Describe: |

Access to Guns? ☐ Yes ☑ No If yes, describe:

Injured? ☐ Yes ☑ No If yes, describe:

Strangulation? ☐ Yes ☐ No ☐ Loss of Consciousness ☐ Urination/Defecation ☐ Red eyes/Petechia ☐ Sore Throat ☐ Breathing Changed ☐ Difficulty Swallowing

In Pain? ☐ Yes ☑ No If yes, describe:

Visible Marks? ☐ Yes ☐ No If yes, describe:

**Suspect**

What did the **SUSPECT** say (Before and After Arrest):
I WANT TO SEE MY DAUGHTER ITS HER BIRTHDAY

710.30 completed? ☐ Yes ☐ No

**Incident Narrative**

Briefly describe the circumstances of this incident: AT TPO P1 STATES THERE IS A VALID OOP AGAINST P2. DOCKET # 2021-001822 ORI# NY0420355 EXPIRES 5/18/22. UPON ARRIVAL OF PD P2 DID APPROACH OFFICERS IN FRONT OF P1'S RESIDENCE. P2 HAS NO JOB, HAS FACE BOOK, DRIVES RED SUBARU, CAN BE FOUND IN NJ. NO ACCESS TO GUNS.

**Offense Event**

| DIR Repository checked? ☑ Yes ☐ No | Order of Protection Registry checked? ☑ Yes ☐ No | Order of Protection in effect? ☑ Yes ☐ No ☐ Refrain ☑ Stay Away |
|---|---|---|

Evidence Present? ☐ Yes ☑ No | Photos taken: ☐ Victim Injury ☐ Suspect Injury | Other Evidence: ☐ Damaged Property ☐ Videos | Destruction of Property? ☐ Yes ☑ No If yes, Describe:
☐ Other:

☐ Electronic Evidence ☐ Other:

| Offense Committed? ☑ Yes ☐ No | Was suspect arrested? ☑ Yes ☐ No If no, explain: | Offense 1 | Law (e.g. PL) | Offense 2 | Law (e.g. PL) |
|---|---|---|---|---|---|
| | | CRIM CONTEMPT | | | |

NYS DOMESTIC AND SEXUAL VIOLENCE HOTLINE 1-800-942-6906

3221-03/2020 DCJS Copyright © 2020 by NYS DCJS

VICTIM / COMPLAINANT COPY