```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

MARTA BRYCELAND,

                    Plaintiff,              MEMORANDUM & ORDER
                                             24-CV-6203 (EK)(SDE)

          -against-

THE CITY OF NEW YORK, COUNTY OF
RICHMOND, OFFICER MICHAEL MASULLO,
OFFICER JAMES BURNS, JOHN DOE NOS.
1-3, and THOMAS GUT,

                    Defendants.

----------------------------------------x
```

ERIC KOMITEE, United States District Judge:

    Marta Bryceland brings this action against the City of New York, the County of Richmond, several officers of the City and the New York Police Department, and her former romantic partner. She alleges that, while attempting to visit her daughter in Staten Island, officers unlawfully arrested her and used excessive force against her. She brings federal claims under 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act ("ADA"), the Racketeering Influenced and Corrupt Organizations Act ("RICO"), and Title 18 of the United States Code. She also brings a state-law negligence claim.

    Bryceland has moved to proceed *in forma pauperis*. That motion is granted. Bryceland's Section 1983 claims for excessive force and false imprisonment against Officers Masullo

and Burns, as well as her state-law negligence claim against the City and a Jane Doe 911 operator, may proceed. All other claims are dismissed for failure to state a claim.

## I. Background

The following factual allegations are drawn from the complaint, and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This case arises from a custodial dispute between Bryceland and her former partner (Thomas Gut), with whom she shares a daughter. On August 24, 2021, Bryceland contacted Gut's partner and asked to visit her daughter in Staten Island. Compl. ¶ 32, ECF No. 1. The partner refused permission. *Id.* Bryceland believed that this refusal violated her custodial rights. *Id.* ¶ 33. After failing to reach her daughter by phone, Bryceland called 911 and requested that police officers perform a "wellness check." *Id.* ¶ 34. The 911 operator told Bryceland that when the police car arrived, she should follow it to a street corner near Gut's house. *Id.* ¶¶ 37-38. Once there, she could file an "incident report" with the officers for "custodial interference and child abuse." *Id.* ¶ 38.

Bryceland obeyed these instructions. *Id.* ¶ 39. When she reached the designated street corner, Officers Burns and Massulo approached her car and asked for her keys. *Id.* ¶¶ 39-40. They did not say that she had committed a crime, or that

2

they were arresting her. *Id.* ¶ 41. They did, however, insist that Bryceland hand over her keys. *Id.* ¶¶ 40-42. When Bryceland asked why, Officer Burns answered: "Because I said so." *Id.* ¶ 42.

Bryceland tried to drive away. *Id.* ¶ 44. Burns then drew his weapon, jumped in front of the car, and pointed it at her head. *Id.* Meanwhile, Massulo "attempt[ed] to pull [her] by her left arm" from the vehicle. *Id.* Bryceland suffered "significant injuries" during this encounter. *Id.* The officers took her to a hospital, where they "shackled [her] to a hospital bed" and denied her access to the restroom. *Id.* ¶ 47. While at the hospital, Massulo allegedly stole medical records in which an unnamed police captain had provided Bryceland the "complaint number for [a] substantiated complaint for abuse of force." *Id.*

Bryceland filed this lawsuit on August 23, 2024.

## II. Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[1] The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). But an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A district court will dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court may also permit some claims to go forward. Importantly, however, an "initial [Section 1915] screening decision permitting some claims to proceed does not amount to a judicial imprimatur endorsing the validity of those claims." *Hendrix v. Pactiv LLC*, 488 F. Supp. 3d 43, 51 (W.D.N.Y. 2020) (collecting similar cases). Those claims are still subject to a later motion to dismiss or for summary judgment. *Id.*

### III. Discussion

Invoking the court's federal-question and diversity jurisdiction, Bryceland brings eighteen claims for relief. All but two of them must be dismissed.

4


### A. The Title 18 Claims

Bryceland brings six claims (Claims 3, 7, 13, and 15-17) under provisions of Title 18 — the federal criminal code.[2] But it is "a truism . . . that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972). "Title 18 . . . does not provide a private cause of action unless the specific statute includes an express or implied private right of action." *Aaron v. United States*, No. 24-CV-387, 2025 WL 1029263, at *1 (D. Conn. Mar. 21, 2025). None of the statutes invoked by Bryceland provides such a right. So, the six Title 18 claims must be dismissed.

### B. The RICO Claim

Bryceland also alleges that the defendants violated RICO (Claim 2). Compl. 23-26. She does not specify a particular RICO provision, but in any event, she ultimately lacks "RICO standing" to bring a claim under that statute. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006).[3]

---

[2] Specifically, Bryceland invokes 18 U.S.C. §§ 241 (conspiracy against rights), 242 (deprivation of rights under color of law), 351(e) (assault on federal officials), 1018 (false statement in an official certificate or writing), 1509 (obstruction of justice), and 1512 (witness tampering). *See* Compl. 26-28, 32, 40-41, 46-53.

[3] The Court follows the lead of the Second Circuit in referring to this doctrine as "RICO standing." *Denney*, 443 F.3d at 266. We note, however, that "RICO standing" governs whether a plaintiff has a valid RICO claim, not whether the Court has subject-matter jurisdiction to hear that claim. *Id.*

RICO creates a cause of action for any person "injured in his [or her] business or property by reason of a violation of [S]ection 1962" of that statute. 18 U.S.C. § 1964(c). For its part, Section 1962 prohibits (1) investing income derived from a "pattern of racketeering activity" into an enterprise that affects interstate or foreign commerce; (2) using a "pattern of racketeering activity" to acquire interest in or control of an enterprise that affects interstate or foreign commerce; (3) using a "pattern of racketeering activity" to conduct or participate in the activities of an enterprise that affects interstate or foreign or commerce; and (4) conspiring to perform any of the aforementioned activities. 18 U.S.C. § 1962. A "pattern of racketeering activity" requires "at least two acts of racketeering activity within ten years after the commission of a prior act of racketeering activity." *City of New York v. LaserShip, Inc.*, 33 F. Supp. 3d 303, 310 (S.D.N.Y. 2014).

To state a civil RICO claim, a plaintiff must plead (1) a violation of Section 1962, (2) an "injury to the plaintiff's business or property," and (3) "causation of the injury by the defendant's violation." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir. 2003). Bryceland has not

---

And the Supreme Court has counseled that it is "misleading" to use the word "standing" to refer to doctrines that "d[o] not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014).

pleaded a violation of Section 1962. She adduces no facts suggesting that any defendant was involved in any racketeering activity, let alone a pattern of such activity. Accordingly, she lacks "RICO standing" and her claim must be dismissed. *Id.*

**C.   The ADA Title II Claim**

Bryceland brings a claim under Title II of the ADA (Claim 18). To state a viable Title II claim, a plaintiff must allege that (1) she has a disability, (2) "she was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity," and (3) "such exclusion or discrimination was due to her disability." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)

Bryceland fails to satisfy this standard. She alleges only that the officers' conduct "triggered her Post Traumatic Stress Disorder." Compl. ¶ 180. At the outset, this allegation does not state a cognizable disability. Bryceland offers no details about the nature or duration of her PTSD, and courts "regularly dismiss [ADA claims] that do not specify the nature, duration, or frequency of a disabling condition." *Papaliberios v. Mt. Sinai Health Sys., Inc.*, No. 23-CV-8661, 2025 WL 964114, at *3 (E.D.N.Y. Mar. 31, 2025) (collecting cases). But even if we assume, *arguendo*, that Bryceland has pleaded a cognizable disability, the claim still fails. Bryceland never alleges that

7

the City discriminated against her *because of* her PTSD — only that the officers' conduct aggravated that condition. She therefore does not satisfy the third pleading requirement either. The ADA claim is dismissed.

**D.   The Section 1985 Claim**

Bryceland also brings a claim under 42 U.S.C. § 1985 (Claim 1), which broadly prohibits conspiracies to violate civil rights. To plead a Section 1985 claim, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; [and] (3) an act in furtherance of the conspiracy[,] (4) whereby a person is either injured in his person or property or deprived of any right of privilege of a citizen of the United States." *Julian v. N.Y. City Transit Auth.*, 857 F. Supp. 242, 252 (E.D.N.Y. 1994). A complaint that contains only "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" will not avoid dismissal. *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993).

Bryceland pleads no facts supporting the existence of a conspiracy. She relies entirely on conclusory assertions that certain defendants conspired with each other. *See, e.g.*, Compl. ¶¶ 45-46, 64. And conspiracy allegations are "baseless" when a

8

plaintiff does not offer "a single fact to corroborate her allegation of a meeting of the minds among the conspirators." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). So, the Section 1985 claim must be dismissed.

**D.   The Section 1983 Claims**

Bryceland's remaining federal claims fall under 42 U.S.C. § 1983 (Claims 4-6, 8-11, and 14). While most of these claims must be dismissed, two may proceed as against Officers Burns and Masullo.

Three clarifying points are necessary at the outset.

First, no Section 1983 claim may proceed against Gut. An alleged Section 1983 violation must be "fairly attributable to the state." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003). But Bryceland has not alleged that Gut acted under color of state law. Nor has she alleged that Gut was a "private entity" whose conduct shared a "close nexus . . . [with] that of the State itself." *Id.* So, Gut is not liable under Section 1983.

Second, no Section 1983 claim may proceed against the City or the County. "A municipality may not be held liable under [Section] 1983 solely because it employs a tortfeasor." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Instead, a plaintiff must "identify a municipal policy or custom that caused [her] injury." *Id.* Bryceland has not

9

plausibly alleged the existence of any such policy or custom. And her August 24 arrest is not enough on its own. "[I]solated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012).

Third, Bryceland is effectively advancing five Section 1983 claims, not eight. Bryceland twice pleads a constitutional claim for false arrest / false imprisonment under Section 1983. *Compare* Compl. 31 (Claim 6), *with* Compl. 35-36 (Claim 9). She also twice pleads a constitutional claim for excessive force. *Compare* Compl. 29 (Claim 5), *with* Compl. 33 (Claim 8).[4] And she pleads a generic claim for violation of her "civil rights," without specifying which rights were violated. Compl. 28-29. After consolidating the duplicative claims, the Court construes the complaint as alleging claims for excessive force, false arrest and / or wrongful imprisonment, deprivation of the right to associate with an intimate familiar, intentional infliction of emotional distress, and negligent infliction of emotional distress.

---

[4] Bryceland labels Claims 5 and 8 as "battery" claims. But the complaint frames both claims as arising under the Constitution. *See* Compl. 29, 33 (describing the claims as arising under Section 1983 and the Fourteenth Amendment). And a constitutional claim alleging battery by a police officer is "properly formulated as [an] excessive force claim[]." *Boyler v. City of Lackawanna*, 287 F. Supp. 3d 308, 323 (W.D.N.Y. 2018).

10

1. <u>Excessive Force</u>

Bryceland's excessive force claim may proceed as against Officers Masullo and Burns at this stage.  The claim is dismissed as against the John / Jane Doe defendants, because Bryceland never alleges — by name or otherwise — that anyone other than Masullo and Burns used physical force against her.

2. <u>False Arrest / Wrongful Imprisonment</u>

Bryceland's false arrest and wrongful imprisonment claim may proceed as against Officers Masullo and Burns.  The claim is dismissed as against the John / Jane Doe defendants, because Bryceland never alleges that anyone other than Masullo and Burns arrested her or later confined her.

3. <u>Deprivation of Right to Intimate Association</u>

"The Fourteenth Amendment guarantees a substantive right under the Due Process Clause to intimate familial association . . . ."  *Gorman v. Rensselaer Cnty.*, 910 F.3d 40, 47 (2d Cir. 2018).  This right extends to the relationship between a parent and her child.  *Patel v. Searles*, 305 F.3d 130, 136 (2d Cir. 2002).

Bryceland has not stated a claim for deprivation of her right to familial association.  To state such a claim, Bryceland must (among other things) plausibly allege that a state actor "specifically intended to interfere with [her] family relationship."  *Gorman*, 910 F.3d at 48.  She has not done

11

so.  To be sure, she offers the conclusory assertion that the defendants conspired "with a clear goal to deprive [her] of the relationship with her only child."  Compl. ¶ 146.  But she alleges no facts suggesting that any defendant specifically intended to end her relationship with her daughter by arresting and hospitalizing her.

    4.    <u>Intentional Infliction of Emotional Distress</u>

"There is no recognized claim for intentional infliction of emotional distress under [S]ection 1983."  *Blanco v. Success Acad. Charter Sch., Inc.*, 722 F. Supp. 3d 187, 216 n.19 (S.D.N.Y. 2024); *accord Love v. Riverhead Cent. Sch. Dist.*, 823 F. Supp. 2d 193, 199 (E.D.N.Y. 2011) (describing it as "well-settled" that "a cause of action may not be asserted pursuant to Section 1983 for emotional distress").  This claim therefore fails.

    5.    <u>Negligent Infliction of Emotional Distress</u>

"Mere negligence is insufficient as a matter of law to state a claim under Section 1983."  *Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2002).  So, Bryceland's Section 1983 claim for negligent infliction of emotional distress also fails.  *See, e.g., Anderson v. City of New York*, No. 13-CV-1745, 2013 WL 6182675, at *3 (S.D.N.Y. Nov. 19, 2013).

**D.   The State-Law Negligence Claim**

Finally, Bryceland brings a state-law negligence claim (Claim 12) against the City, the officers, and the Jane Doe 911 operator.  That claim may not proceed either.

"When a negligence claim is asserted against a municipality or its employees, the threshold inquiry is whether the municipal entity . . . acted in a governmental capacity at the time the claim arose."  *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013) (citing *Applewhite v. Accuhealth, Inc.*, 995 N.E.2d 131, 134 (N.Y. 2013)).  This threshold is easily surmounted: police officers and emergency responders fulfill "quintessential" government functions.  *Id.; see also Maldonado v. Town of Greenburgh*, 460 F. Supp. 3d 382, 400 (S.D.N.Y. 2020).

So, the "next inquiry focuses on the extent to which the municipality owed a special duty to the injured party." *Applewhite*, 995 N.E.2d at 135.  Such a duty arises:

> (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant[,] and dangerous safety violation.

*Metz v. State of New York*, 982 N.E.2d 76, 79 (N.Y. 2012).[5] While the existence of a special duty is ordinarily a jury

---

[5] A special duty can alternatively arise via a "special relationship," which requires "(1) an assumption by the municipality, through promises or

13

question, a court may dismiss a complaint where a plaintiff "fails to allege or provide the factual predicate for a special relationship in the complaint." *Maldonado*, 460 F. Supp. 3d at 400.

That is the case here. Bryceland has not alleged that the City or its employees owed her a special duty. Nor has she alleged any facts that might support the existence of one. Nothing in the complaint suggests that the City violated a statutory duty enacted for the benefit of persons like Bryceland; that it voluntarily assumed a duty toward her that engendered justifiable reliance on her part; that it assumed positive control in the face of known safety violation; or that it assumed any affirmative duty to act on Bryceland's behalf. Accordingly, the negligence claim must be dismissed.

Furthermore, Bryceland may not bring a negligence claim against Officers Masullo and Burns, because it cannot coexist with her allegations of excessive force and false arrest. Courts in this circuit have held that "when a plaintiff's factual allegations are only consistent with a

---

actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking." *Applewhite*, 995 N.E.2d at 138.

14

theory of intentional, or perhaps reckless, conduct, negligence claims must be dismissed." *Lozada v. Weilminster*, 92 F. Supp. 3d 76, 107 (E.D.N.Y. 2015). That rule applies here. "If the officer [d]efendants were not acting as reasonable officers should — *i.e.*, using excessive force or seizing [Bryceland] without probable cause — they will be liable for intentional torts, not negligence." *Benbow v. City of New York*, No. 17-CV-6457, 2024 WL 5165073, at *11 (E.D.N.Y. Dec. 19, 2024) (quoting *Rizk v. City of New York*, 462 F. Supp. 3d 203, 229 (E.D.N.Y. 2020)); *accord Antonious v. Muhammad*, 250 A.D.2d 559, 559-60 (2d Dep't 1998).

### IV.  Conclusion

For the foregoing reasons, Bryceland's Section 1983 claims for excessive force and false arrest may proceed against Officers Burns and Masullo. All other claims are dismissed.

No summons shall issue as to the County, the City, the Jane / John Doe defendants, or Thomas Gut. The Clerk of Court is respectfully directed to (1) correct the caption to reflect those defendants' dismissal; (2) issue a summons against Officers Burns and Masullo; and (3) mail a copy of this order to the plaintiff and note the mailing on the docket. The United States Marshals Service is respectfully directed to serve the complaint and this order on Officers Burns and Masullo without prepayment of fees. A copy of this order shall also be served

15

on the Special Federal Litigation Division of the Office of the Corporation Counsel.

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly denies *in forma pauperis* status for purposes of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.


                                            /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    September 29, 2025
             Brooklyn, New York