UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X

MARTA BRYCELAND,

Plaintiff,

-against-

BURNS, *et al.*,

Defendants.

--------------------------------------------------------- X

***SUA SPONTE* REPORT & RECOMMENDATION**
24-CV-6203 (EK)(SDE)

**SETH D. EICHENHOLTZ**, United States Magistrate Judge:

Presently before the Court is Plaintiff Marta Bryceland's failure to participate in this matter, including a failure to respond to numerous Court orders and deadlines, including several which plainly warn her of the consequences of failing to participate in this action. Therefore, for the reasons outlined below, and after giving Plaintiff multiple opportunities to resume her participation, the undersigned respectfully recommends dismissing this matter for failure to prosecute.

## I. Procedural History

*Pro se* Plaintiff Marta Bryceland ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Officer James Burns and Officer Michael Mussolo ("Defendants") on August 23, 2024.[1]

[1] The action originally named the City of New York, the County of Richmond, a Jane Doe Operator, and Thomas Gut as defendants, however those parties were dismissed in September 2025 for failure to state a claim. (*See* Order dated 9/29/2025, Dkt. No. 6.) In addition, the Court dismissed Plaintiff's original claims under the Americans with Disabilities Act ("ADA"), the Racketeering Influenced and Corrupt Organizations Act ("RICO"), Title 18 of the United States Code, and state negligence law. (*Id.*)

(*See* Complaint, Dkt. No. 1.) The action was originally filed in the District of New Jersey and transferred to this District on September 5, 2024. (*See* Transfer Order, Dkt. No. 3.) Plaintiff's motion to proceed *in forma pauperis* was granted on September 29, 2025. (*See* Order dated 9/29/2025, Dkt. No. 6.) Officer James Burns was served on January 23, 2026. The United States Marshals' Service ("USMS") was unable to locate and serve Officer Michael Masullo. (*See* Dkt Nos. 8, 9.) Officer Burns failed to appear, and his deadline to respond to the Complaint lapsed on February 13, 2026. (*See* Dkt. No. 9.)

On April 10, 2026, the Court issued an Order directing Plaintiff to file a status letter stating how she intended to proceed with the action and encouraging her "to seek advice from the City Bar Justice Center Federal Pro Se Legal Assistance Project."[2] (*See* Order dated 4/1/2026, Dkt. No. 10). Plaintiff did not respond to the Court's Order by its April 23, 2026 deadline, nor did she request an extension of time.

On April 29, 2026, the Court extended *nunc pro tunc* Plaintiff's deadline to file a status report, affording Plaintiff an additional three weeks through May 21, 2026. (*See* Order dated 4/29/2026, Dkt. No. 11) (noting Plaintiff's *pro se* status and reminding her that she must comply with Court orders). Plaintiff still did not respond to the Court's Order. Nevertheless, because of Plaintiff's *pro se* status, the Court granted Plaintiff "a third and final opportunity to participate in this case," extending her deadline to file a status letter through June 26, 2026. (Order dated 5/29/2026, Dkt. No. 12.) The Court further warned "that failure to [not file a status letter] may

---

[2] The Court has provided Plaintiff with all of its Orders. (*See,* Copy of Documents Mailed dated 4/10/2026. Copy of Documents Mailed dated 4/29/2026; Copy of Documents Mailed dated 6/1/2026; Copy of Documents Mailed dated 7/30/2026.)

result in a recommendation that her claims be dismissed for failure to prosecute." (*Id.*) (citing Fed. R. Civ. P. 41(b) and *Zeigler v. Annucci*, 23-CV-707, 2025 WL 1056904, at *1 (S.D.N.Y. Apr. 8, 2025).) Still, Plaintiff failed to respond to the Court's Order or to file anything on the docket.

On July 30, 2026, the Court issued its "final warning," directing Plaintiff to file a status report by August 31, 2026, indicating how she intended to proceed. (Order dated 7/30/2026, Dkt. No. 13.) The Court explicitly noted that, if Plaintiff did not file a status report, "the Court may assume she has abandoned this case and may recommend that her claims be dismissed for failure to prosecute." (*Id.*) (noting no further extensions of this deadline.) Plaintiff did not respond to this Order.

Plaintiff has another case pending in this District, and she is represented by counsel in that action. (*See Bryceland v. City of New York et al.,* 25-CV-5196 (EK)(SDE).) As a courtesy to Plaintiff, during an initial conference for the other action, the Court informed Plaintiff's counsel that Plaintiff was proceeding pro se in the present action and was at risk of abandoning her case. (*See Bryceland v. City of New York et al.,* 25-CV-5196 (EK)(SDE), Minute Entry dated 9/16/2026.) The Court directed Plaintiff's counsel to file a status letter in the other case in-part addressing "[Plaintiff's] intent regarding her case 24-CV-6203 (EK)(SDE) which she has seemingly abandoned." (*Id.*) In his status report filed October 1, 2026, Plaintiff's counsel shared that "Plaintiff states that she did not intend to abandon that Action" and "wishes to continue pursuing that action." (25-CV-5196 (EK)(SDE), Dkt. No. 23 at 1.) Plaintiff's counsel conveyed Plaintiff's request "that her failure to advance that action while proceeding pro se not be construed, without further inquiry, as an intentional abandonment." (*Id.*) However, despite learning through counsel of the danger of dismissal of this case, Plaintiff has still failed to file anything on the docket in response to the Court's orders.

In sum, Plaintiff has refused to participate in this matter and communicate directly with the Court in this action, despite multiple Court orders plainly warning that doing so could result in dismissal of her claims.

## II. Legal Standard

A District Court may *sua sponte* dismiss a Plaintiff's action for failure to prosecute under the Federal Rules of Civil Procedure where a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Zeigler,* 2025 WL 1046904, at *1 (S.D.N.Y. Apr. 8, 2025). District Courts in this Circuit consider the following factors when deciding whether to dismiss a case for failure to prosecute under Rule 41(b):

> "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

"While the Second Circuit has cautioned that *pro se* plaintiffs should be granted special leniency regarding procedural matters, courts in this district have recognized that even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Zeigler*, 2025 WL 1046904, at *2 (internal citations and quotation marks omitted). In other words, a "[p]laintiff's *pro se* status does not excuse [her] noncompliance with Court orders." *Rouse v. Transworld Sys., Inc.*, 811 F. Supp. 3d 400, 405 (E.D.N.Y. 2025); *see also Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including

*pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.").

## III. **Discussion**

The undersigned finds that the *Baptiste* factors weigh in favor of dismissal.

1. Duration of Noncompliance

Looking at the facts in the light most favorable to Plaintiff, the duration of Plaintiff's noncompliance began on April 23, 2026, when she failed to comply with a Court order directing her to submit a status letter regarding her intentions to proceed with the case. (*See* Dkt Nos. 10, 11.) Since then, Plaintiff has not responded to any of the Court's orders over a period of approximately six months. Under these circumstances, a plaintiff's failure to prosecute an action for only a few weeks or months can merit dismissal under Fed. R. Civ. P. 41(b), particularly where a plaintiff has been warned of the consequences of noncompliance. *See Rouse*, 811 F. Supp. 3d at 405 (collecting cases); *Febrianti v. NYC Health & Hosps.*, 23-CV-06175, 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025) (collecting cases), *report and recommendation adopted,* 23-CV-06175, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025), *appeal dismissed* (Feb. 24, 2026).

Thus, the first factor weighs in favor of dismissal.

2. Notice That Her Claims May Be Dismissed

Plaintiff was given three warnings describing the potential consequences of her failure to comply with Court orders, including that the Court may recommend her case be dismissed for failure to prosecute, in plain language that "her claims [may] be dismissed." (*See* Dkt. No. 11 (reminding Plaintiff "that she must comply with Court-ordered deadlines."); Dkt. No. 12 (warning Plaintiff "that failure to [comply] may result in a recommendation that her claims be dismissed for failure to prosecute."); Dkt. No. 13 (warning Plaintiff that "the Court may assume she has

abandoned the case and may recommend that her claims be dismissed for failure to prosecute.").) The Court even requested counsel in a seprate action notify Plaintiff of the risk of the dismissal of this action. These orders are sufficient to provide Plaintiff with explicit notice that her case may be dismissed. *See Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 113 (S.D.N.Y. 2022) ("Three warnings are more than sufficient to find this factor counsels in favor of dismissal."); *see also e.g.*, *Rouse*, 811 F. Supp. 3d at 405 (finding Plaintiff's disregard of three warnings from the Court regarding the consequences of failure to comply with court orders warranted dismissal); *Velt Corp. v. United States*, 19-CV-5463, 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020) (same), *report and recommendation adopted*, 19-CV-5463, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020).

Thus, the second factor weighs in favor of dismissal.

3. Prejudice to Defendants

Prejudice to Defendants may be presumed where Plaintiff's delay is "lengthy and inexcusable." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (internal quotations omitted). Here, Officer Masullo was never served, and Officer Burns was served but never appeared. There is therefore "no evidence in the record that the delay in this case has caused any particular, or specially burdensome, prejudice to Defendants beyond the delay itself." *Febrianti*, 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 201 (2d Cir. 2001)).

Thus, because neither Defendant has appeared in this action, the third factor does not weigh in favor of or against dismissal.

4. Balancing the Court's Interest with Plaintiff's Right to Be Heard

The Court "has a strong interest in managing its docket and "cannot wait indefinitely" for

Plaintiff to "turn [her] attention" to this case." *Rouse*, 811 F. Supp. 3d at 409 (quoting *Pena*, 587 F. Supp. 3d at 114). Further, the Court simply cannot move forward in this case if Plaintiff willfully refuses to comply with court orders or advise the Court how she intends to proceed. However, to balance Plaintiff's opportunity to be heard and in recognition of Plaintiff's *pro se* status, the Court recommends that the dismissal of this matter be granted *without* prejudice. *See, e.g.*, *Rouse*, 811 F. Supp. 3d at 409 (recommending dismissal without prejudice in light of Plaintiff's *pro se* status); *Febrianti*, 2025 WL 2411982, at *4 (same).

Thus, with the recommendation that the Court dismiss this matter without prejudice, the fourth factor weighs in favor of a dismissal.

5. Efficacy of Lesser Sanctions

The Court believes no lesser sanction will be effective, as Plaintiff's actions have, notwithstanding the representation of her counsel in a related matter, conveyed "a clear lack of interest in pursuing her case." *Rouse*, 811 F. Supp. 3d at 409; *see also Ruzsa v. Rubenstein & Sendy Attorneys At Law*, 520 F. 3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is ... unclear that a lesser sanction would have proved effective in this case."); *Febrianti*, 2025 WL 2411982, at *4 ([T]he fifth factor weighs in favor of dismissal, rather than lesser sanctions, because the case cannot proceed without Plaintiff's participation."). The Court has attempted several times to emphasize the importance of responding to its orders, including by using all capital letters to provide additional emphasis. (*See* Dkt. No. 13.) Despite these orders, Plaintiff still refuses to even respond to an order directing her to explain her failure to participate in this matter. Although Plaintiff indicated in a related case through counsel that she "did not intend to abandon [this action]" and "wishes to continue pursuing [this] action," Plaintiff has remained absent in the weeks since. (25-CV-5196 (EK)(SDE), Dkt. No. 23

at 1.) Therefore, it is difficult to see what, if any, impact lesser sanctions would have in the face of Plaintiff's continuing refusal to engage in the litigation process.

Thus, the fifth factor weighs in favor of dismissal.

## IV. Conclusion

Based on the five factors explained above, the undersigned respectfully recommends that the Court dismiss this matter without prejudice because of Plaintiff's failure to prosecute the matter.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). If any party fails to file timely objections to this Report and Recommendation, it will waive any right to further judicial review of the decision. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Kotlyarsky v. United States Dep't of Just.*, 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *Small v. Sec'y of HHS*, 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

Dated: Brooklyn, New York
October 22, 2026

/S/ *SETH D. EICHENHOLTZ*
SETH D. EICHENHOLTZ
United States Magistrate Judge
Eastern District of New York